# McCreary *et al. v.* The State.

*Indictment for Engaging in, or Carrying on the Business of Selling Vinous, Spirituous or Malt Liquors, without a License and contrary to Law.*

1. *Proviso to act prohibiting sale of intoxicating liquors in Monroe and other counties; when unconstitutional as discriminating in favor of domestic liquors.*—The proviso to the act of February 23, 1881, prohibiting under penalty the sale or other disposition of spirituous, vinous or malt liquors, or intoxicating beverages or bitters in Monroe and other counties (Pamph. Acts, 1880–1, p. 169), that nothing contained in the act "shall prevent any person from selling *wine*, in quantities less than one quart, made in this State from grapes raised therein," being a discrimination against imported wines manufactured from grapes raised in any of the other States, or in foreign countries, and in favor of wines manufactured from grapes raised in this State, is violative of the constitution of the United States, and void.

2. *Same; when remainder of act unaffected by unconstitutionality of proviso.*—The unconstitutionality of such proviso does not affect the remainder of the act, but it is left in full force and effect, operating to prohibit the sale or other disposition of any spirituous, vinous or malt liquors, or intoxicating beverages or bitters in the counties designated, save for the purposes expressly excepted from the operation of the act; and hence, the fact that wine sold by a defendant indicted for a violation of the act was raised by him on his own premises in this State, is no defense to the indictment.

3. *Indictment for violation of local prohibition statute; when sufficient.* While a single unauthorized sale is violative of said act, and it is not necessary to a conviction of a defendant indicted thereunder, that he should have been engaged in, or carried on the business of selling the prohibited liquors, yet, as the latter includes the former, consisting, as it does, of a series of acts, each of which is severally an offense punishable under the provisions of the act, a conviction may be had for a violation of the act under an indictment charging the defendant with being engaged in, or carrying on the business of selling such liquors "without a license and contrary to law." The indictment in such case "only charges more than the law requires, and this is unobjectionable, provided the averments are sustained by the proof."

APPEAL from Monroe Circuit Court.

Tried before Hon. WM. E. CLARKE.

The nature of the offense charged, and the facts disclosed by the evidence are sufficiently stated in the opinion. The court charged the jury, at the written request of the solicitor for the State, that if they believed the evidence, they must find the defendants guilty. To this charge the defendants excepted; and it is here assigned as error.

[McCreary et al. v. The State.]

S. J. CUMMING, for appellants.

H. C. TOMPKINS, Attorney-General, for the State.

SOMERVILLE, J.—The defendants are charged with the offense of being *engaged in, or carrying on the business* of selling vinous, spirituous or malt liquors "without a license and contrary to law," in violation of the statute.—Code, 1876, §§ 4274, 494, sub-div. 3. The evidence shows that they sold *wine* in quantities not less than one quart, in their store, at a place in Monroe county, of less than one thousand inhabitants, in their regular business as merchants—this wine being manufactured from *grapes raised on their own premises* in said county. It further appears that they did this without procuring a license, either as wholesale or retail dealers.

It is contended for the defendants that they are protected from prosecution, or criminal liability by the last *proviso* in the act of February 23, 1881, prohibiting the sale of liquors, or other intoxicating beverages in Monroe and other counties. This act contains, in the first section, a sweeping prohibition against the sale of any spirituous, vinous or malt liquors, within the counties specified, except, under certain regulations, for medical purposes alone, the penalty imposed for its violation being a fine of not less than one hundred, nor more than five hundred dollars for each offense. The proviso under which the defendants claim protection is as follows : "*Provided, That nothing in this act shall prevent any person from selling wine, in quantities not less than one quart, made in this State from grapes raised therein.*"

It is argued in behalf of the State that this proviso is unconstitutional and void, because violative of the Constitution of the United States, and that it can not, for this reason, be invoked by the defendants to shield them from this prosecution. This view is, in our opinion, unquestionably correct. The proviso is invalid because it is a discrimination in favor of wines which are manufactured from *grapes raised in this State,* and therefore a discrimination against imported wines which may be manufactured from grapes raised in any of the other States, or in foreign countries. This is a regulation of commerce within the meaning of the Federal Constitution, a power which is vested by that instrument in the Congress of the United States, and can not be exercised by the States except *sub modo*, and under peculiar circumstances not necessary to be here discussed. It is also objectionable because repugnant to that clause of the same instrument, by which the citizens of each State are declared entitled to "all the immunities and privileges of the citizens of the several States." It was settled

31

[McCreary et al. v. The State.]

by the Supreme Court of the United States in *Welton v. State of Missouri*, 91 U. S. 275, and by this court in *Vines v. The State*, 67 Ala. 73, that a State can not, either in the exercise of its taxing, or of its police power, discriminate in favor of its own products and manufactures, and against the manufactures and products of other States. The more recent case of *Webber v. Virginia*, 103 U. S. 344, fully sustains the same doctrine. Under the principle settled in these cases, it is obvious that the *proviso* of the act in question is unconstitutional, and therefore conferred no authority upon the defendant to sell vinous liquors within the prohibited district.— *Woodruff v. Parham*, 8 Wall. 123; *Brown v. Maryland*, 12 Wheat. 449; *Joseph v. Randolph*, 71 Ala. 499; *Tiernan v. Rinker*, 102 U. S. 123.

In *Powell v. The State*, 69 Ala. 10, we decided, in a case strictly analogous to the present, that the *proviso* of such a statute might be declared inoperative, and the remainder of the act be permitted to stand unaffected. In so holding, we followed the ruling in *Tiernan v. Rinker*, 102 U. S. 123, which fully sustained this conclusion, possibly in antagonism to the case of *Vines v. The State, supra*. We adhere to the rule settled in *Powell v. The State*, as the correct one; and while we hold the *proviso* under consideration to be null and void, we are of opinion that the act of February 23, 1881, found on page 169 of the Session Acts of 1880–81, is otherwise left in full force and effect, operating to prohibit the selling, or keeping for sale, or other disposition of any "spirituous, *vinous* or malt liquors, or other intoxicating beverages, or intoxicating bitters," within the counties described, except sales or uses by physicians for medical purposes alone, under the restrictions specified in the act itself.

The question is, does the indictment charge a violation of this prohibitory enactment. If the indictment charged the offense of *retailing*, the only requisite averment would be, that "the defendant sold vinous or spirituous liquors without a license, and contrary to law," and this would, under the express provisions of the statute, be sufficient to cover "all violations of special and local laws, regulating the sale of spirituous liquors within the place specified."—Code, 1876, § 4806; *Powell's case*, 69 Ala. 10, *supra; Block v. The State*, 66 Ala. 493; *Ulmer v. The State*, 61 Ala. 208; Acts 1880–81, p. 169.

It is unquestionably true that, in ordinary cases, the offense, charged in the indictment, of being engaged in, or carrying on *the business* of selling vinous, spirituous or malt liquors, without a license, and contrary to law, is a different offense from that of retailing, or other illegal selling of such liquors, and is followed by a different punishment on conviction. The former offense, unlike the latter, is not committed by a single unau-

[Johnson v. The State.]

thorized act of sale, but only by a series of acts prosecuted with the intention of "reaping a profit or making a livelihood." *Harris' case,* 50 Ala. 127; *Weil's case,* 52 Ala. 19. Under an indictment for either of these offenses, a conviction, in our opinion, could not be obtained for the other, so essentially distinct are they, the one from the other, in their nature and punishment.—*McPherson v. The State,* 54 Ala. 221; Clark's Cr. Dig. § 778; *Martin v. The State,* 59 Ala. 34; Code, 1876, §§ 4202, 4274.

But in the present case, the act of February 23, 1881, prohibits any and all sales of liquors of an intoxicating nature, except for medical purposes alone. It does not permit a license for such sales, under any circumstances. A single unauthorized sale is clearly violative of the act, and subjects the seller to the penalty imposed, of not less than one hundred, nor more than five hundred dollars for each offense.—Acts, 1880–81, p. 169, § 2. Such being the case, it is quite evident that the act of being engaged in the business of selling such liquors, within the counties designated, would be also violative of the law, because it consists of the perpetration of a series of acts, each of which is severally an offense, punishable under the provisions of the act in question. The greater must be construed to include the less. The indictment only charges more than the law requires; and this is unobjectionable, provided the averments are sustained by the proof.

We are of opinion that the charge given by the court is free from error, and that the defendant was properly convicted under the law. If this conclusion works a great hardship, as we are disposed to believe, the case is one for which the judiciary are incompetent to furnish a remedy, and which, for this reason, strongly commends itself to the discretionary grace of the executive department of the State government, which alone can exercise the pardoning power.

Judgment affirmed.