# Ramagnano *v.* Crook.

*Application for Mandamus to Probate Judge, on Refusal of License for Retailing Spirituous Liquors.*

1. *Act of Feb. 17th, 1885, prohibiting sale of spirituous liquors in Calhoun county; constitutionality of, as to title and subject-matter.*—The local statute approved December 7th, 1886, entitled "An act to prohibit the sale, giving away, or otherwise disposing of spirituous, vinous or malt liquors, or intoxicating bitters, or patent medicines having alcohol as a base, in Calhoun county" (Sess. Acts 1886-7, p. 571), which provides for an election to ascertain the sense of the people on the question of

[Ramagnano v. Crook.]

prohibition, and specifies the time when the prohibitory clauses shall go into effect, if the popular vote is in favor of prohibition, is not violative of the constitutional provision (Art. IV, § 2), relating to the title and subject-matter of laws; the title, though general, relating to but one subject, and all the provisions being germane thereto.

2. *Statute partly unconstitutional.*—Unconstitutional provisions in a statute do not render the entire statute void, when the other parts are capable of full execution without them; and if a subject is included in the body of a statute which is not expressed in the title, that part will be held inoperative, while effect is given to the other provisions.

3. *Mandamus; refusal of probate judge to grant license for retailing liqaors.*—In acting on an application for a license to retail spirituous liquors, a probate judge acts in a *quasi*-judicial capacity; and his refusal to grant a license, though erroneous, or founded on insufficient reasons, can not be revised or reviewed by *mandamus* from the Circuit Court.

APPEAL from the Circuit Court of Calhoun.

Tried before the Hon. JOHN B. TALLY.

The appellant in this case, John Ramagnano, applied by petition to Hon. E. F. CROOK, judge of probate of said county, for a license to retail spirituous liquors; and a license having been refused, he then applied by petition to the Circuit Court, for a *mandamus* to the probate judge. On the hearing, his petition was refused and dismissed; and the judgment dismissing it is here assigned as error.

WALDEN & SON, for appellant.

CLOPTON, J.—The appellant, having complied with all the requirements of the act of February 17, 1885, necessary to obtain a license to sell spirituous, vinous or malt liquors at retail, applied for such license, which was refused by the judge of probate.—Acts 1884–5, p. 179. The petition avers that the judge refused to grant the license on the ground that he was prohibited by the special act of December 7, 1886, relating to Calhoun county.—Acts 1886–87, p. 571. The constitutionality of this act is assailed, on the ground, that it violates section 2 of Article IV of the constitution, which provides: "Each law shall contain but one subject, which shall be clearly expressed in its title," except certain enumerated general bills. The title of the act is, "An act to prohibit the sale, giving away, or otherwise disposing of spirituous, vinous or malt liquors, or intoxicating bitters, or patent medicines having alcohol as a base, in Calhoun county." The title, though in general terms, fairly expresses a single subject of legislation—to prohibit the selling, giving away, or otherwise disposing of intoxicating liquors.

Generality of terms in expressing the subject does not come within the constitutional inhibition. Legislative enactments will not be pronounced nullities, because of the comprehensiveness of the titles, when the general subject of the law is so clearly expressed as to avoid deception in regard to the object of the enactment. In this regard, much must necessarily rest in the discretion of the law-makers, and the title of a bill may be as broad and comprehensive as the legislature may choose. The constitutional requirement is complied with, if the title is broad enough to embrace all the minor subjects contained in the enactment, which, when so combined, form the single comprehensive subject expressed in the title. The inclusion in a statute of matters indicated by the title, or connected with the subject expressed, and necessary or proper for a full and complete accomplishment of the object intended, is in accord with the spirit of the constitution. The first, fourth and seventh sections of the act under consideration, provide for an election to ascertain the wishes of the people in reference to the prohibition of the sale of intoxicating liquors, for the conduct of the election, for the preservation of quiet and order while it is being held, and for the publication of the result if in favor of prohibition. The fifth and sixth sections declare it unlawful, and make it a misdemeanor, for any person, firm, or corporation, after the expiration of thirty days notice of such result, "to sell, give away, or otherwise dispose of any spirituous, vinous or malt liquors, or intoxicating bitters, or any brand of bitters or medicines with sufficient alcohol or spirituous liquors therein to make a man drunk." Section eight exempts from the operation of the act the use of wine for sacramental purposes, or the use of any kind of liquor for domestic purposes, or the sale of wine manufactured from grapes or berries grown in this State by the person selling them. The ninth section fixes the time when the prohibition shall go into effect, and the length of time licenses shall be previously granted.

Only two subjects are suggested as being without the statute—the last clause of the fifth section—"any brand of bitters, or medicines with sufficient alchohol or spirituous liquors therein to make a man drunk," and the exemptions provided by section eight. In *Wall v. State*, 78 Ala. 417, we held, that any beverage or decoction which contained spirituous liquors, if not sufficiently adulterated with water or other fluid to impair its intoxicating quality, is embraced in

the terms "spirituous liquors"; and that it is immaterial that such beverage or decoction is qualified by other ingredients, under the guise of a tonic or medicine.   The particular kind of intoxicating liquors mentioned in the clause referred to, would have been embraced in the general terms of the title without specifying them.   The eighth section may be regarded as in the nature of a proviso to the fifth section.   The exemptions of wine or liquors for specified uses, and the sale of domestic wines, are referable and cognate to the comprehensive subject of the prohibition of selling, giving away, or otherwise disposing of intoxicating liquors, and is not a regulation thereof.   The foregoing analysis of the statute makes apparent that all its provisions are included in, and authorized by the title.

But, if conceded that any of the provisions of the statute were unconstitutional, because not expressed in the title, or for other reasons, the entire statute does not necessarily fall. Such provisions may be regarded as stricken out, and the other provisions of the statute, if not dependent upon them, and capable of full execution without them, left in full operation.   Where two subjects are expressed in the title, and both contained in the statute, the enactment is unconstitutional *in toto*; but, when but one subject is expressed in the title, and the act contains two or more, the provisions relating to the matters not expressed may be held to be unconstitutional, and the other provisions relating to the subject expressed in the title have force and effect.   If the portions of the act assailed as unconstitutional were rejected, the remaining portions are wholly independent of them, and capable of execution according to the manifest legislative intent. *Ballentyne v. Wickersham*, 75 Ala. 533; *Stein v. Leeper*, 78 Ala. 517; *McCreary v. State*, 73 Ala. 480.

But, if the act is unconstitutional, the petitioner is not entitled to the remedy which he seeks.   In *Dunbar v. Frazer*, 78 Ala. 538, it was held, that the judge of probate, in granting or refusing a license to retail spiritous liquors under the act of February 17, 1885, acts in a *quasi*-judicial capacity, whether the application is or is not contested, and that his action can not be reviewed or controlled by *mandamus*.   A *mandamus* will be issued to compel a judicial officer to act, when it is his duty, and he refuses, but not to direct him how to act.   In the present case, the judge of probate acted; and the sufficiency of the reasons for his action can not be reviewed by *mandamus*, though they may be erroneous.

Affirmed.