# Glenn v. Lynn.

*Application for Mandamus to Probate Judge, on Refusal of License to Retail Spirituous Liquors.*

1. *Act establishing Peabody School District; constitutional provisions as to title and subject-matter.*—The 12th section of the local statute approved February 10th. 1883, entitled "An act to establish a separate school district in Russell county, to be known as the Peabody School District, and for the appointment of a board of trustees for said district, with certain powers and privileges" (Sess. Acts 1882-3, p. 342); which section provides that no license for the sale of spirituous liquors within said district shall be granted to any person, without the recommendation of the board of trustees as to his moral fitness,—is not germane to the subject expressed in the title of the statute, and is therefore void under constitutional provisions.

2. *Application for license to retail spirituous liquors; recommendation of householders and freeholders*—Under general statutory provisions regulating the grant of licenses to retail spirituous liquors, the applicant must produce the recommendation of twenty respectable householders and freeholders residing in the town or precinct, or a majority if less than twenty, and must make or tender affidavit in the terms prescribed (Code, §§ 1319-20); and if a license is refused to him, on the ground that his application does not conform to the provisions of a local statute, this court, while holding the local statute unconstitutional and void, will not award a *mandamus* to compel the issue of a license, unless it appears that his application was sufficient under the general statutes.

APPEAL from the Circuit Court of Russell.

Tried before the Hon. JESSE M. CARMICHAEL.

The appellee in this case, Moses T. Lynn, filed his application on the 19th January, 1890, in the office of Hon. E. H. GLENN, judge of probate of Russell county, for a license to retail spirituous liquors "in the town of Girard in said

county, located in what is known as the *Peabody School District*," accompanied with the recommendation in writing of "more than twenty householders and freeholders of said town and district, as to his moral character and fitness to engage in said business," and tendered the State and county tax for a license; and his petition stated that he did not comply with the provisions of the special statute establishing said school district, because he was advised that they were unconstitutional and void. Judge Glenn refused to grant the license, because the application did not show a compliance with the terms of said special statute. Thereupon, Lynn applied by petition to the presiding judge of the circuit, for a *mandamus* to Judge Glenn, requiring him to issue a license as prayed. In answer to a rule *nisi*, Judge Glenn demurred to the petition, because it did not show (1) a compliance by the applicant with the terms of the special statute, nor (2) a compliance with the general statute regulating the issue of such licenses. Judge Carmichael overruled the demurrer, and, the respondent declining to plead further, granted a peremptory *mandamus*. This judgment is here assigned as error.

WATTS & SON, and J. B. MITCHELL, for appellant.

L. W. MARTIN, *contra.*

CLOPTON, J.—The judge of probate of Russell county refused to issue a license to appellee, on his application, to retail spirituous and vinous liquors in the town of Girard, on the specified ground that he failed to produce the recommendation, as to his moral fitness, of the board of trustees of the Peabody School District. The district was incorporated by a special act of the General Assembly, approved February 10, 1883, entitled, "An act to establish a separate school district, to be known as the Peabody School District, in Russell county, Alabama, and for the appointment of a board of trustees for said school district, with certain powers and privileges."—Acts 1882–3, p. 342. The twelfth section of the act provides: "That no licenses shall be granted for the sale of spirituous, vinous or malt liquors within said district, to any person, firm or corporation, without the recommendation of such board of trustees as to their moral fitness." The contention of appellee is, that the act violates the mandate declared in section 2, of Article IV of the Con-

39

stitution, that "Each law shall contain but one subject, which shall be clearly expressed in the title." This constitutional provision has been so often considered, and its construction and purposes so repeatedly announced, that a repetition of them is unnecessary.

A casual examination of the act exhibits the wide range of its provisions. The first five, seventh and eighth and eleventh sections relate to the territorial area of the district, the ascertainment of the will of the citizens as to its establishment, the election of trustees, their organization, the right to a proportionate share of the State school fund, the power of the trustees to pass by-laws for the government of their own body, and ordinances for the inauguration of a system of education, and for the protection of the public school interests in the district, and to purchase lands, and erect and rent school-houses, and employ teachers,—all apparently pertinent and germane to the establishment and organization of a school district, and the control and management of the public schools in the district. The sixth and tenth sections confer upon the president of the board of trustees the same jurisdiction, power and authority, and entitle him to the same fees, as a justice of the peace in the precinct in which the district is situated, and also power and authority to enforce such ordinances as shall be adopted by the board of trustees for the protection of the schools, school-grounds, and buildings in the district, against disorderly persons, and to punish violations of such ordinances by fine and imprisonment. They also authorize a majority of the board to elect one or more marshals, who shall have the same power and authority, and be entitled to the same fees as constables. By the thirteenth section, the board of trustees is empowered to require any person, firm or corporation, desiring to engage in the business of retailing liquors in the district, to pay for and take out a license to be issued by the president, and jurisdiction is given him to try and punish violations of this section, declaring that engaging in such business without having first paid the amount required for such license is a misdemeanor.

The title of the act considered in the case of *Montgomery v. State*, 88 Ala. 141, was, "To constitute the town of Blountsville and vicinity, in Blount county, a separate school district." The seventh section prohibited the sale of liquors within the district, and made the violation of the provision a misdemeanor. This section was held not to be pertinent

[Glenn v. Lynn.]

or germane to, nor indicated or foreshadowed by, the subject expressed in the title. That case seems to be decisive of the question raised in the present case. But it is insisted, that the last clause of the title of the act under consideration—"and for the appointment of a board of trustees for said school district, with certain powers and privileges"—distinguishes it from the act passed upon in *Montgomery v. State,* and takes it without the operation of the principle announced in that case. What has been said in reference to a title in which the words *for other purposes* were used, is applicable to a title containing the words, *certain powers and privileges.* "These latter words, 'for other purposes,' must be laid out of consideration. They express nothing, and amount to nothing, as a compliance with this constitutional requirement. Nothing which the act could not embrace without them, can be brought in by their aid."—*Town of Fishkill v. Fish. & Beck. Pl. R. Co.,* 22 Barb. 634; Cooley on Com. Lim. 174. The phrase *certain powers and privileges* have no force under the constitutional provision, nor do they enlarge the comprehensiveness of the subject expressed in the title,—the establishment of a separate school district. Without expressing the appointment of trustees in the title, provision for their appointment, with proper powers and privileges, follows as a complement to the general subject, necessary or proper to the control and management of the public schools in the district, and the full accomplishment of the purposes indicated. Without the words referred to, provisions can be embraced conferring upon the trustees powers and privileges which naturally and legitimately pertain to the office of trustees of public schools; such as their establishment, the employment of teachers, and the direction and administration of the internal affairs and public interests of the schools,—such powers and privileges as they have generally possessed, by custom and legislation. With them, subjects alien to these purposes can not be introduced. While the generality and comprehensiveness of a title is no objection, it can not be used as a cover for provisions having no necessary or proper connection with the purposes clearly indicated by the title.

The words, *certain powers and privileges,* would not apprise either the legislature or the public that the act contained provisions authorizing the organization of a local police government, and conferring power upon the trustees to enact and enforce in the district police regulations,

foreign to the nature, purposes and objects of a separate school district. We are unable to perceive any distinction, in principle, between the act under consideration and the act involved in *Montgomery v. State.* On the authority of that case, we hold the twelfth section to be unconstitutional.

Notwithstanding the unconstitutionality of the section, we can not affirm the judgment of the Circuit Court. The petition for the *mandamus* fails to show that the applicant complied with the statutory requirements preliminary and requisite to the issue of a license. The application was for a license to retail spirituous and vinous liquors in the town of Girard. Section 1318 of the Code requires the applicant, before a license can be granted, to produce to the judge of probate a recommendation in writing, signed by twenty householders and freeholders residing within the corporate limits of the town in which he proposes to engage in the business. The petition states that appellee produced "the recommendation of more than twenty respectable householders and freeholders of said town and district." It does not appear that all of them, though residents of the district, resided within the corporate limits of the town. And the petition does not show that the applicant filed or tendered the affidavit required by section 1320. We shall remand the case, that the petition may be amended, if the facts authorize an amendment.

Reversed and remanded.