[Harlan, Judge, etc., v. State *ex rel.* Clark.]

# Harlan, Judge &c. *v.* State *ex rel.* Clark.

### *Application for Mandamus.*

1. *Acts of probate judge upon application for license as retail dealer in liquor ministerial; can be controlled by mandamus.*—In granting or refusing a license for retailing spirituous, vinous or malt liquors under the statute, (Code, § 3520), a probate judge acts ministerially and not judicially; and, therefore, he can be compelled by *mandamus* to issue a license where the petitioner shows that he is entitled thereto.

2. *Freeholder; what constitutes one.*—One who holds land in free for life or for some indeterminate period is a freeholder; and, therefore, a person residing upon a lot which formerly belonged to his deceased wife who died intestate, acquiring by virtue of the statute (Code, § 3254) a life estate in said lot, is a freeholder.

3. *Application for license as retail liquor dealer; effect of persons withdrawing their recommendation.*—Where one has made an application to the probate judge for a license to retail spirituous, vinous or malt liquors, and has, as required by the statute, filed a recommendation of twenty respectable freeholders and householders, and upon the refusal of the probate judge to issue the license seeks to compel him thereto by *mandamus*, those persons who signed the recommendation of the applicant are without authority to withdraw such recommendation after the refusal of the probate judge to issue the license and after the proceedings for *mandamus* had been instituted.

4. *Constitutional law; act establishing dispensary at Camp Hill unconstitutional.*—The act approved December 10, 1900, entitled "An act to establish, maintain and regulate a dispensary in the town of Camp Hill, Tallapoosa county, Alabama," (Acts of 1900-1901, p. 295), is unconstitutional and void, in that it seeks to confer upon the commissioners therein named and their successors or the corporation itself, the power to manage, carry on, and, if they see fit, to suspend or discontinue the dispensary.

APPEAL from the Circuit Court of Tallapoosa.
Tried before the Hon. N. D. DENSON.

The State of Alabama on the relation of T. L. Clark filed its pettiion addressed to Hon. N. D. Denson, Judge of the Fifth Judicial Circuit of Alabama, asking for the issuance of a writ of *mandamus* directed to the appellant, J. J. Harlan as judge of probate of Tallapoosa county, commanding him to issue to the petitioner Clark a license as a retail liquor dealer in the town of Camp Hill in said county. It was averred in said petition that the petitioner had applied to the said J. J. Harlan as probate judge of said county for a license to retail spirituous, vinous or malt liquors in the corporate limits of the town of Camp Hill; that he had complied with the law in that he had presentd at the same time of his application a recommendation in writing signed by 20 respectable freeholders and householders residing within the corporate limits of said town, who certified that the petitioner was a man of good moral character and in all respects a proper person to be licensed as a retail liquor dealer, and that he had tendered to the judge of probate the amount of money required by law to be paid for obtaining a license, but that said J. J. Harlan, as judge of probate, had refused and declined to issue the license to him.

The respondent moved to dismiss the petition, upon the ground that it was shown by the petition that the probate judge in refusing to issue said license acted in a judicial capacity and not in a ministerial capacity, and that, therefore, his action could not be controlled by *mandamus,* and that *mandamus* was not the proper remedy by which the judge could be compelled to issue a license as prayed for. This motion was overruled and thereupon the respondent demurred to the petition upon the same ground. This demurrer was overruled. The respondent in his answer set up that at the time the petitioner applied to him for a license to retail spirituous, vinous and malt liquors, there was and has ever since been a dispensary operated in said town of Camp Hill; that this dispensary was established and operated in accordance with the provisions of the act of the General Assembly, approved December 10th, 1900, and by

the provisions of said act the respondent was prohibited from issuing the license asked for by the petitioner. It was further averred in said answer that the recommendation produced by said petitioner to the respondent was not signed by twenty respectable householders and freeholders residing within the corporate limite of the town of Camp Hill who recommended the granting of a license to the petitioner as required by law. It was further averred in said answer that some of the persons whose names were signed to the recommendation of the petitioner have withdrawn their names from said recommendation, and requested that they be not considered in any action that the respondent might take on said application for license.

The petitioner replied to the answer of the respondent and averred therein that the act of the General Assembly creating a dispensary for the town of Camp Hill was unconstitutional and void.

On the hearing of the cause, there was a judgment rendered granting the relief prayed for in the petition, and a writ of *mandamus* was ordered issued to the respondent J. J. Harlan, as judge of probate of Tallapoosa county, commanding him to issue to the petitioner a license as retail dealer in spirituous, vinous or malt liquors in the town of Camp Hill. From this judgment the respondent appeals, and assigns as error the rendition of said judgment and the overruling of the motion to dismiss the petition and demurrers thereto.

THOS. L. BULGER and SORRELL & SORRELL, for appellant. The granting or refusing to grant license to retail whiskey in this State is a judicial act by the probate judge, and *mandamus* to require him to issue the license is not the proper remedy.—*Dunbar v. Frazier*, 78 Ala. 538; *Ex parte Jones*, 93 Ala. 33; *Ramagnano v. Crook*, 85 Ala. 226; *Taylor v. Kolb*, 100 Ala. 603; *Merlett v. State*, 100 Ala. 42.

The act establishing a dispensary at Camp Hill can not be declared unconstitutional and void as a whole.

Where the constitutional provisions and the uncon-

stitutional provisions are contained in the same section, if they are distinct and separable, so that one part may stand and the other fall, the constitutional portion remains unaffected, and the only question is, whether the several provisions are essentially and inseperably connected in substance.—*Kentz v. City of Mobile,* 120 Ala. 623; *Brown v. City of Mobile,* 122 Ala. 159.

JAMES W. STROTHER, *contra.*—The probate judge, in acting upon the application for a license to retail spirituous liquors, acts in a ministerial and not a judicial capacity, and his acts in this regard can be controlled by *mandamus.*—*Russell v. State,* 77 Ala. 91; *Glenn v. Lynn,* 89 Ala. 608.

Appellant insists that the said W. H. Johnson, because he did not own the absolute fee in the lands, was not a freeholder, and, therefore, not a competent signer. A freehold has been defined to be an estate of inheritance, or for life, or for an indefinite period, in real property. Being an owner of a life estate in the real estate the said W. H. Johnson was a freeholder. 4 Kent's Commentaries, 23; 14 Am. & Eng. Ency. of Law, 530; Bouvier's Law Dict., 597; 2 Blackstone's Com. 104; Constitution of 1875, Art. IV, § 1; *Mitchell v. State, ex rel. Florence Dispensary,* 134 Ala. 392.

TYSON, J.—This appeal is prosecuted from a judgment granting a writ of *mandamus* to compel the respondent to issue a retail liquor license to the relator as required by section 3520 of the Code. The first question presented upon the record is, whether the act of the respondent in refusing the license was a judicial and not a ministerial one. Confessedly if his act in refusing the license was judicial, the motion of respondent to quash the alternative writ should have been granted. And so, too, the demurrer to the petition was well taken. For it is settled beyond controversy, by many decisions of this court, that *mandamus* is not the proper remedy to control judicial action or to direct a judicial officer how to act or what conclusions to reach. 1 Mayfield's Digest, p. 606, §§ 6 *et seq.* On the other hand, if it was ministerial, the court, by this process,

may not only compel action, but may direct the manner in which the ministerial duty may be performed.

As to whether the act which the respondent was required to perform under section 3520 was judicial or ministerial has been twice reviewed by this court, and in both instances it was held that it was ministerial. *Grider v. Tally*, 77 Ala. 422; *Russell v. State*, *Ib.* 89. See also *Glenn v. Lynn*, 89 Ala. 608; *Phoenix Carpet Co. v. State*, 118 Ala. 143. The cases of *Dunbar v. Frazer* (78 Ala. 538) and *Ramagnano v. Crook* (85 Ala. 226) involving the right to *mandamus* to compel the issuance of liquor license, arose under a statute materially different from the one under consideration and have no application here. Indeed they recognize the soundness of the opinions in the case of *Grider v. Tally* and *Russell v. State*. Upon the authority of these cases we must hold that the motion to quash and the demurrer were properly overruled.

Doubtless it is true that the burden was upon the relator to prove that the recommendation he presented to the respondent for the license was signed by twenty respectable householders and freeholders residing within the corporate limits of Camp Hill etc. Has he sustained this burden ? The recommendation presented by him was signed by thirty-one (31) persons. It seems to be conceded by both sides that ten of this number did not possess the qualifications, thus reducing the number of qualified signers to twenty-one. Of this latter number it is admitted that nineteen did possess the requisite qualifications. So then the question is whether either J. J. Bradford or W. H. Johnson, two of the signers, whose names are not included in the ten or the nineteen, were qualified. Since the statute only requires twenty, the finding of either to be competent, will fill its requirements. Their respectability is conceded. Johnson's competency is challenged solely upon the ground that he is not a freeholder. The evidence, without conflict, shows that at the time he signed the recommendation and at the time of the trial, he resided upon a lot within the corporate limits of the town of Camp Hill which had formerly belonged to his de-

ceased wife, who died intestate. By virtue of section 2534 of the Code, Johnson acquired a life estate in the house and lot.—*Thompson v. Thompson,* 107 Ala. 163. A freeholder is defined to be "One who owns land in fee or for life or for some indeterminate period."—Bouv. Law Dict. 850 ; 14 Am. & Eng. Ency. Law 530. We might go further and show, were it necessary, that the evidence is sufficient to support the finding that Bradford was also qualified.

Another point is relied upon to reduce the number below twenty. It is that a number of the qualified signers, after the institution of this proceeding, requested the respondent not to consider their names in any action that he might take on the application of the relator for license. Whatever may have been the right of these persons to withdraw their recommendation of the relator before the respondent acted upon his application, it is clear to us that they could not do so after the refusal of the respondent to issue the license and after this proceeding had been instituted, predicated upon that refusal.

The remaining question involves the constitutionality of the act, approved December 10, 1900, entitled "An act to establish, maintain and regulate a dispensary in the town of Camp Hill," etc.—Acts of 1900-1901, p. 295. In many of its features it is in substance the same as the act which was declared unconstitutional in *Mitchell v. State,* 134 Ala. 392, and much that was said in that case condemning that act applies to this one. On the authority of that case, we must hold this act to be unconstitutional.

Affirmed.