# Birmingham Mineral Railroad Co. *v.* Tuscaloosa County.

### *Action by County to recover Special Tax.*

1.  *Taxation; constitutionality of act ratifying levy of special taxes.*
    The act of the Legislature approved February 21, 1899, author-
    ized the court of county commissioners of Tuscaloosa county
    to levy special taxes for the erection of necessary public
    buildings and bridges not to exceed one-tenth of one per cent.
    (Acts, 1898-99, p. 1212). At the June term, 1900, the court
    of county commissioners of said county levied a tax of one-
    fourth of one per cent. for public buildings and bridges in
    said county. By act approved February 27, 1901, the act
    authorizing the levy and collection of the bridge tax of one-
    tenth of one per cent. was repealed (Acts, 1900-01, p. 1255).
    On March 1, 1901, there was approved an act "to ratify and
    confirm a levy of taxes by the commissioners' court of Tus-
    caloosa county for the purpose of building necessary public
    bridges in said county and for the further purpose of paying
    the interest on the bridge bonds and other bonded indebted-
    ness of said county, (Acts, 1900-01, p. 1404). *Held:* That the
    ratifying act approved March 1, 1901, was unconstitutional
    and void in that it sought to ratify the levy and collection of
    a special tax not only for public buildings and bridges, but
    also paying interest on other bonded indebtedness of the
    county.

APPEAL from the County Court of Tuscaloosa.

Tried before the Hon. J. J. MAYFIELD.

This action was brought by the appellee, Tuscaloosa
County, against the Birmingham Mineral Railroad
Company, to recover $488.69 with the interest thereon
from the first day of January, 1901, as a balance due
the plaintiff as a special tax levied on defendant's
property in Tuscaloosa county, Alabama, for the year
1900 for bridges and public buildings. The facts of the
case are sufficiently stated in the opinion.

J. M. FALKNER, CHAS. P. & J. B. JONES, for appellant.—The ratifying act of 1901 was unconstitutional and void.—*McGuire v. Board of Revenue,* 71 Ala. 422; *State v. Board of Revenue,* 73 Ala. 65; *Perry County v. R. R. Co.,* 58 Ala. 546.

The ratifying act in express terms, undertakes to make legal the action of the commisioner's court, which, under the law, in force at the time of the action of the commissioners, was clearly unconstitutional and void for excess of power in the levying. The commissioner's court did not undertake to levy anything but taxes for the year 1900. The levy made by that body was for that year alone, and the legal and illegal portions are clearly distinguishable and separable. The courts have often held that as regards taxes partly legal and partly illegal, that the legal portion must be paid if distinguishable.—*Pickett v. Russell* (Fla.) 28 So. Rep. 764; *Hanson v. Mauberett,* (La.) 28 So. Rep. 167; *Tampa v. Mugge,* (Fla.) 24 So. Rep. 489; *Lewis v. Bogue Chitto,* (Miss.) 24 So. Rep. 875; *City Council v. Sayre,* 65 Ala. 564.

VANDEGRAAFF & VERNER, *contra.*—1. There is no constitutional limit on the amount of taxes that can be levied by the commissioner's court for public buildings and bridges.—Constitutiona of 1875, Art. XI, § 5; *Hare v. Kennerly,* 83 Ala. 608.

2. There is no provision, either in the State or Federal constitutions, against the enactment of retroactive laws. The decisions hold that before the court will declare a statute retroactive it must clearly and affirmatively appear that such was the intention of the Legislature; and the act approved March 1st, 1901, can have no possible field of operation unless it be retroactive. Acts 1900 and 1901, p. 1404; *New Eng. Mort. Sec. Co. v. Montgomery Board of Revenue,* 81 Ala. 110; Cooley's Const. Lim. pp. 111, 455 ,473; *Grim v. Weissenberg,* 98 Am. Decisions, 240.

3. If the General Assembly originally had the power to authorize the commissioner's court to make the levy then it has the power to ratify and confirm the same

after it has been made.—*New Eng. Mort. Se. Co. v. Mont. Co.* 81 Ala. 110; *Grim v. Weissenberg School District,* 98 Am. Decisions (Penn.) 240; *Richman v. Muscatine County* (Iowa) 4 L. R. A., 445; *Mattingly v. Dis. Columbia,* 97 U. S. Sup. Ct. 687; Cooley's Const. Lim. (5th ed.), 471 and 472.

4. The General Assembly, having the power to authorize the commissioners' court of Tuscaloosa county to levy a special tax for public buildings and bridges to an amount which was unlimited by the constitution of 1875, was clothed with the right to authorize that court to levy the one-fourth of one per cent, and as they could have originally authorized the levy, the power was in the General Assembly to ratify the levy made without that authority.—Constitution Ala. 1875, Art. XI. § 5; *Hare v. Kennerly,* 83 Ala. 608; *New Eng. Mort. Sc. v. Montgomery Co.,* 81 Ala. 110; *Grim v. Weissenberg School Dist.* 98 Am. Dec. 240; *Richman v. Muscatine Co.* (Iowa), 4 L. R. A. 445; *Mattingly v. Dist. Columbia,* 97 U. S. Rep. 187; Cooley's Con. Lim. (5th ed.) 471 and 472.

HARALSON, J.—An act was approved February 21, 1899 (Acts 1898-9, p. 1212), which authorized the court of county commissioners to levy a special tax "for the erection of necessary public buildings and bridges, to be known as the 'bridge tax,' and not to exceed one-tenth of one per cent. of the total assessed value of the property of said county, which shall be collected and paid as other taxes and kept by the treasurer," etc.

At the June term, 1900, the commissioners' court levied a tax of one-half of one per cent. for general county purposes upon the assessed value of real, personal and mixed property subject to taxation by the State under State laws.

They also ordered "that one-fourth of one per cent. be levied upon the assessed value of all property of the county for public buildings and bridge purposes."

It is agreed that the defendant paid the one-tenth of one per cent. authorized by said special act of 1898-9,

and that 3-5 of 1-4 of 1 per cent. amounting to 15 cents on the $100, on the assessed value of defendant's property it has not paid and refuses to pay, on the ground, that 1-10 of 1 per cent. on such assessed value was the limit of the power of the county to levy for such purpose, and that the levy in excess of that amount, viz., 15 cents on the $100 of the assessed value and which is here sued for, was null and void and could not be collected.

To meet this contention, the plaintiff introduced the act of the Legislature, approved Feb. 27, 1901 (Acts 1900-1901, p. 1255), which repealed the said act of 21 Feb'y, 1899, which limited the authority of the commissioners to levy and collect a "bridge tax" to 1-10 of one per cent. of the total assessed value of the property of said county.

Plaintiff, for the same purpose, introduced the act of March 1, 1901, (Acts 1900-1901, p. 1404), entitled an act "To ratify and confirm a levy of taxes by the commissioners' court of Tuscaloosa county for the purpose of building necessary public bridges in said county, and the further purpose of paying the interest on the bridge bonds and other bonded indebtedness of said county, and to authorize the collection of said special taxes as other taxes are collected." The act provides, after reciting in a preamble the fact that the commissioners' court in June, 1900, levied a special bridge tax of one-fourth of one per cent. etc.; that some doubt has been expressed as to the validity of said levy; that nearly all the taxpayers of said county had paid said special tax, and that it was absolutely necessary for the protection of the credit of said county that said special tax be collected,—"That said levy of one-fourth of one *per centum* taxes for the purposes set out above, and the same is hereby ratified and confirmed and duly legalized; and the tax collector of said county is hereby authorized and directed to collect said levy of one-fourth of one per centum of the assessed value in said county in the same manner and to the same extent that he collects other taxes."

It was agreed that the cause should be submitted

upon the law and the facts as substantially set out above, and that if the court should hold that the said act to ratify and confirm the levy of taxes, approved March 1, 1901, and in connection therewith, the said act of Feb'y 27, 1901, repealing the said act of Feb'y 21, 1899, limiting the rate of taxes for bridge purposes to one-tenth of one *per centum,* had the effect to validate the levy of taxes in dispute,—viz., the levy at the June term of said court, 1900, of one-fourth of one *per centum* for public buildings and bridges,—then a judgment should be entered for the plaintiff for the amount sued for; but if the court should hold that said ratifying act of March 1, 1901, is invalid, judgment should be entered for the defendant.

The court held that said ratifying act was valid, and rendered judgment for the plaintiff, to reverse which ruling the appeal is prosecuted.

Art. XI, § 5 of the constitution of 1875 provides that "No county in this State shall be authorized to levy a larger rate of taxation, in any one year, on the value of taxable property therein, than one-half of one per centum." This, as was said in *The State v. Street,* 117 Ala. 209, is not only a limitation upon the taxing power of the county, but is also a grant of a power of taxation to the extent of one-half of one *per centum.—Hare v. Kennerly,* 83 Ala. 608-11.

Said section 5 contains two provisos,—the first having reference to the levy of taxes by the county "to pay debts existing at the ratification of the constitution, [for which] an additional rate of one-fourth of one *per centum* may be levied and collected, which shall be exclusively appropriated to the payment of such debts or the interest thereon." This provision has no direct application to this case. The other provisions in the second proviso are, (1) "that to pay any debt or liability now existing against any county incurred for the erection of the necessary public buildings, or other ordinary county purposes," or (2) "that may hereafter be created for the erection of necessary public buildings or bridges, any county may levy and collect such special

taxes as may have been or may hereafter be authorized by law, which taxes so levied and collected shall be applied exclusively to the purposes for which the same were so levied and collected." This last provision numbered (2) alone has to do with the case in hand, as there is no pretense, that the special levy was for the payment of debts existing at the date of the ratification of the constitution, "incurred for the erection of the necessary public buildings or other ordinary county purposes."

Under these limitations of power, it is clear, that no county, under the constitution of 1875, could levy, in any one year, a greater rate of taxation on the value of the property therein, than one-half of one *per centum*, except to pay past debts and for public buildings and bridges; and that a county could not levy a special tax for any other purpose other than those expressed in the provisos of said section 5, if such special tax with the tax for general purposes, exceeded one-half of one per cent.—*Garland v. Board of Revenue*, 87 Ala. 223, 227; *Hare v. Kennerly*, 83 Ala. 608; *Keene v. Jefferson County*, 135 Ala. 465.

It is also too clear to admit of doubt,—and it is conceded,—that at the time of said special levy of one-fourth of one *per cent.* at the June term of the court, 1900, the court had no power or authority under the said act of Feb'y 21, 1899, to make the levy for that amount of taxes. That act limited the amount to be levied for public buildings and bridges, to one-tenth of one per cent. If this were not true, it required no enabling act, such as was afterwards attempted, on the 1st of March, 1901, to ratify and confirm the levy of said commissioners. It was an attempt to make valid, that which was theretofore invalid.

The question is presented,—Did the ratifying and confirming act of March 1st, 1901, have the intended effect to make valid the theretofore invalid levy, conceding that such legislation is at any time proper,—a question we need not and do not decide?

We have already said, that in the levy of the special tax, the commissioners' court was confirmed by the

terms of the constitution itself, to making the levy, to pay debts or liabilities "created for the erection of necessary public buildings and bridges." The ratifying and confirming act of March 1st, 1901, was not confined to these purposes. The title to the act is, as we have seen, "To ratify and confirm a levy of taxes by the commissioners' court of Tuscaloosa county, for the purpose of building necessary public bridges in said county, *and the further purpose of paying the interest on the bridge bonds and other bonded indebtedness of said county.*" (Italics ours.) This other bonded indebtedness is not specified, but it is made to appear, that it is not for public buildings or bridges alone.

The act of February 21, 1899, which was repealed, authorized the levy of one-tenth of one per cent. for the erection of *public buildings and bridges*, and the levy of one-fourth of one *per centum*, June 1900, was for the same purpose. But this ratifying act, extends its provisions not only to public buildings and bridges, but besides, *to any other bonded indebtedness of the county*. If it was intended to apply to indebtedness for buildings and bridges, it was unnecessary to have added, "other bonded indebtedness." Under the act, if valid, the tax levied, when and if collected, may be applied, not only to the debts of the county for bridges and buildings, but to any other bonded obligation of the county, for which latter purpose, the tax levied, of one-half of one *per centum* had been exhausted. If it were possible to separate the amount of this other bonded indebtedness from the debts for bridges and buildings perhaps the act might be saved for the latter purpose, by expunging the provision for other indebtedness; but, so far as appears, they are not separable from each other.—*Powell v. State,* 69 Ala. 10; *McCreary v. State,* 73 Ala. 480; *Randolph v. Builders' & P. S. Co.,* 106 Ala. 513.

It results that said act of March 1, 1901, is unconstitutional and void.

The judgment of the court below is reversed and one will be here rendered in favor of the defendant, according to the agreement of the parties.

Reversed and rendered.