# State, *ex rel.* Van Deusen *v.* Williams.

## *Petition for Mandamus.*

1  *Constitutional law; local act; sufficiency of notice.*—A published notice which recites that notice is given "That application will be made to the legislature when it meets in September to pass a law prohibiting the sale of spirituous, vinous, or malt liquors, except in incorporated cities and towns within five miles of the Insane Hospitals situated at Tuscaloosa and Mount Vernon," is a sufficient notice of an act which prohibits the sale of liquors, as set forth in said notice, and makes the violation of the provisions of said act a misdemeanor, fixing the punishment at a fine, or at hard labor for the county, one or both. (MCCLELLAN, C. J., and HARALSON and DENSON, J.J., *dissenting.*)

2. *Revenue law; license, issuance of, by judge of probate; ministerial duty; mandamus.*—The execution of a license by a probate judge to sell spirituous, vinous and malt liquors, is a ministerial duty, and can be compelled by *mandamus.*

APPEAL from the Circuit Court of Mobile.

Heard before the Hon. SAMUEL B. BROWNE.

The facts of the case are sufficiently stated in the opinion.

MCALPINE & ROBINSON, for appellant.—"The authority

of the Probate Court to issue licenses to retail vinous or spirituous liquors, as conferred by the statute, section 1544 of the Code of 1876, is ministerial, and not judicial in its nature."—*Grider v. Tally,* 77 Ala. 422; *Tally v. Grider,* 66 Ala. 119.

The notice given of this case was a compliance with section 106 of the Constitution, and sufficiently stated the substance of the act.—*Lancaster v. Gafford,* 139 Ala. 372; *Wallace v. Board of Revenue,* 140 Ala. 491.

JOHN R. THOMPKINS, *contra.*

DENSON, J.—This is a proceeding by *mandamus,* instituted by John M. Van Deusen against the judge of probate of Mobile county, by which it is sought to compel the issuance, to the relator, of license to retail beer and other malt liquors at Mt. Vernon, in Mt. Vernon precinct in Mobile county. It is conceded that the relator complied with the statutory provisions leading up to the granting of the license, but the judge of probate refused to issue the license upon the ground that, by an act of the legislature, approved September 26th, 1903, the sale of spirituous, vinous and malt liquors at Mt. Vernon was prohibited.

The relator alleges that the act of September 26th, 1903, was enacted in violation of section 106 of the Constitution and is therefore void. The title of the act is as follows, namely; "An act to prevent the sale of spirituous, vinous or malt liquors within five miles of the Alabama Insane Hospital situated at Tuscaloosa and Mount Vernon, except in incorporated cities and towns, and to provide punishment for violations of this act."

Section one of the act prohibits the sale of spirituous, vinous or malt liquors within five miles of the Alabama Insane Hospitals situated at Tuscaloosa and . Mount Vernon, except in cities now incorporated or hereafter to be incorporated under the laws of Alabama.

Section two makes the violation of the act a misdemeanor, and fixes the punishment a fine of not less than fifty nor more than five hundred dollars, or hard labor for the county for not more than six months, one or both.

Section three provides, that the act shall take effect from and after the first day of January, 1904.

The notice that was given of the intention to apply for the enactment of the law, as found in the house and senate journals, is as follows, to-wit: "Notice is hereby given that application will be made to the Legislature when it meets in September to pass a law preventing the sale of spirituous, vinous or malt liquors except in incorporated cities and towns within five miles of the Insane Hospitals situated at Tuscaloosa and Mount Vernon." See House Journal p. 1279; Senate Journal p. 1915. The notice was published in Tuscaloosa and in Mobile.

Section one hundred and six (106) of the Constitution prohibits the passage by the legislature of any private or local law unless notice of the intention to apply therefor shall have been published in the county or counties where the matter or thing to be affected may be situated, which notice shall state the *substance* of the proposed law, and be published at least once a week for four consecutive weeks in some newspaper published in such county or counties, and proof by affidavit that said notice has been given shall be exhibited in each house of the legislature, and said proof spread upon the journal. The section further provides that the courts shall pronounce void every special, private or local law which the journals do not affirmatively show was passed in accordance with the provisions of this section. By this section the question whether due notice was given is made a matter for judicial revision. And it is the imperative duty of the courts to pronounce void special or local laws that are not passed in accordance with the requirements of the section.

It is urged by the appellant that three of the provisions of the act under consideration, were not comprehended in the published notice, viz: (1) The provision which imposes punishment for the violation of the law; (2), The provision that the law should not apply to cities and towns incorporated after the passage of the act; and (3) The provision that the law should not take effect until January the 1st, 1904.

Appellant's counsel state in their brief that their chief

contention is, that the notice given was fatally defective in that it utterly failed to refer to the character of the penalty to be imposed for violation of the prohibitory statute, or indeed, to state that there would be any penalty whatever embodied in the law.

In the case of *Wallace v. Board of Revenue of Jefferson county,* 140 Ala. on page 502, the Court, speaking through Mr. Justice HARALSON, with reference to section 106 of the Constitution, said: "The word 'substance' as employed in the section cannot be said to be synonymous with 'subject' or mere purpose. It means the essential or material part; essence; abstract; compendium; meaning.—Worcester's Dict." Speaking further upon the subject, the Court, after quoting from the debate had in the Convention on the subject, said, "From this it would seem, that it was intended that the essential or material part, the essence, the meaning or an abstract or compendium of the law, was to be given, and not its mere purpose or subject."

Surely the character of the offense which a person would be guilty of by an infraction of the provisions of the act, whether a misdemeanor or a felony, and the nature and quality of the punishment to be imposed, whether by imprisonment in the penitentiary or at hard labor for the county, or whether merely by fine, are important matters. Could there be provisions which would strike closer to the substance of the act? The prohibition without the penalty would be nugatory. And, as suggested in brief of counsel for appellant, "While all the citizens of a community might by petition, or by personal persuasion, oppose the enactment of a prohibition law which contained a very severe punishment, yet they might with complacency contemplate the passage of an act which simply imposes an insignificant fine. So also, they might rise up in arms against legislation declaring the selling of beer a felony, while they would raise no voice against a similar law making such offense a misdemeanor."

It may be conceded that the notice published expressed the purpose and subject of the act, but we have seen that this will not satisfy the constitutional requirement; the essential or material part, the essence, the meaning,

or an abstract or compendium of the law, must be given in the notice and not its mere purpose or subject.— *Wallace v. Board of Revenue, supra.*

It has been suggested that the notice published was sufficient to put the people on notice that a prohibition law would be applied for and that the remainder of the law, including the nature of the offense and punishment, were matters of detail to be determined by the legislature. The word *detail* means a minute portion, one of the small parts, a particular; an item; the word is used chiefly in the plural, as, the *details* of a scheme or a transaction.—Webster's International Dictionary.

We cannot accede to the proposition that the character of the offense, which a statute stamps upon the violation of its provisions, and the punishment prescribed by its terms are minute portions or small parts of the statute, that they are matters of detail. On the contrary, we think they are very material parts and of the very essence and substance of it.

While the notice published may have expressed the purpose of the statute and may have been sufficient to have given notice in a general way as to the character of the law, yet we cannot hold that the substance of the enactment was embraced in the notice. The positive requirement of the Constitution is that the notice shall state the substance of the proposed law, and the notice in this case failing to state the substance of the proposed law, under the mandatory clause of section 106 of the Constitution, it is our duty to declare the act unconstitutional and void.

The foregoing are the views of the writer, in which the Chief Justice and Justice HARALSON concur. But Justices TYSON, DOWDELL, SIMPSON and ANDERSON are of the opinion that the notice given was a compliance with section 106 of the Constitution, and they hold that the statute was constitutionally acted.

The respondent in the court below insisted that the act of the judge of probate, in refusing to grant the application of the relator, was a judicial or *quasi-judicial* act and that it cannot be raised or remedied by *mandamus.* The case of *Dunbar v. Frazier,* 78 Ala. 538, is relied upon as authority for the insistence. That case was based

upon an act of the general assembly, approved February 17th, 1885, which the Court held by its provisions made the act of granting license *quasi*-judicial. The general statutes applicable to the issuance of license to retail liquors obtain in Mobile county and issuance of license under them is a ministerial duty imposed upon the judge of probate, which he may be compelled to perform by the writ of *mandamus.—Harlan, Judge, etc. v. State,* 136 Ala. 150. .

It follows, in accordance with the views of the majority of the Court, that there is no error in the record and the judgment of the circuit court must be affirmed.

Affirmed.

TYSON, DOWDELL, SIMPSON and ANDERSON, J.J., concur in affirming the judgment.

MCCLELLAN, C. J., HARALSON and DENSON, J.J., dissent from the conclusion reached by the majority.