# Browne *v.* City of Mobile.

*Action by Municipality to recover Penalty for Violation of Ordinance in Failing to Pay License Tax.*

1. *Pleading and practice; abandonment of demurrer.*—Where, upon the overruling of some of the grounds of demurrer and the sustaining of others to the original complaint, the plaintiff filed an amended complaint as a substitute for the original, the filing of such amended complaint is an abandonment of the original, and the failure to re-interpose to the new complaint the demurrer which was filed to the original, is an abandonment of such demurrer.

2. *License tax; right of city to levy same for use of vehicles.* Where under the charter of a city, the municipality is granted the power to impose a vehicle license "In addition to a business license, provided that such license shall only apply to vehicles used in the transportation of goods, wares and merchandise and vehicles used for hire at public stands," an ordinance adopted by such municipality imposing a license on "drays, wagons and vehicles used in the transportation of goods and merchandise, and vehicles used for hire at public stands," is

[Browne v. City of Mobile.]

the exercise of the power so conferred by the charter to impose a tax on the privilege of using the class of vehicles named, whether the use constitutes the principal business of the person so using them, or is only an adjunct to such business.

3. *Same; same; action to recover penalty for violation of said ordinance; sufficiency of complaint.*—In an action by a municipality to recover the penality for the violation of an ordinance imposing a license tax for the use of vehicles in said city for the transportation of goods and merchandise, a complaint, which after setting out the ordinance imposing such license tax and alleging its regular adoption as required by the charter, then avers that the defendant violated said ordinance by using a vehicle upon the streets of said city for the transportation of goods and merchandise, which said vehicle was kept and used by the defendant in the business of transporting goods and merchandise, is sufficient and not subject to demurrer upon the ground that it "fails to allege that the defendant was engaged in carrying on the business of using a vehicle upon the streets" of said city "in the transportation of goods, wares and merchandise, without procuring a license therefor as required by said ordinance."

4. *Same; construction of municipal ordinance levying vehicle tax.*—Where in the lawful exercise of the power granted by its charter a municipality passes an ordinance imposing, in addition to a license tax for carrying on a business, trade or profession in the city, a vehicle license tax on "drays, wagons and vehicles used in the trasportation of goods, wares and merchandise and vehicles used for hire at public stands," and fixes the amount of such vehicle license tax at seven dollars and fifty cents ($7.50) for each vehicle so used, such ordinance is not subject to the objection that the tax so imposed was levied against the vehicles themselves and not against the persons owning them; the fixing of the tax at so much for each vehicle being simply the means provided by the ordinance for ascertaining the tax to be imposed against the owner.

5. *Same; same; such license tax not unreasonable.*—The imposition by such ordinance of the license tax of seven dollars and fifty cents per annum for each dray, wagon or vehicle used for the transportation of goods, wares and merchandise in said city, can not be said to be unreasonable.

6. *Constitutionality of city charter; effect of provision requiring recorder to be learned in the law.*—While the provisions of one of the sections of the charter of the city, that the recorder provided for therein shall be learned in the law and a practicing attorney at the time of his election, is unconstitutional and void as violative of section 2, of Article I, of the Constitu-

tion, investing all citizens of the State with equal civil and political rights, yet, when such offensive clause is distinct and separable from other provisions of the section of the act in which it occurs, and when stricken out does not affect the other provisions of the act, such unconstitutional provision does not render the whole section of the act unconstitutional and void; and if the other portions of the act are unobjectionable, it will not be declared void, but the purpose of the legislature will be given effect by rejecting the clause offensive to the constitution.

APPEAL from the City Court of Mobile.

Tried before the HON. O. J. SEMMES.

This action was brought by the appellee, the City of Mobile, against the appellant, W. F. Browne. In the complaint, the plaintiff claimed of the defendant the sum of ten dollars as a penalty for the violation of an ordinance of the City of Mobile. The ordinance which was alleged to have been violated was set out in the complaint, and was an ordinance to fix the rate of licenses for the year commencing March 15, 1897. Section 1 required each person, firm, association or corporation, trading or carrying on any business, trade or profession, by agents, or otherwise, within the limits of the City of Mobile to pay a license as in said ordinance fixed. Sections 2 and 7, applicable to the business of the defendant, and which were also set out in the complaint, were as follows: "Section 2. Drays, wagons and vehicles used in the transportation of goods and merchandise, and vehicles used for hire at the public stands, $7.50.

"Section 7. *Be it further ordained,* That each and every license in this ordinance declared is due and payable on the seventeenth day of March, 1897, and the tax collector will proceed to collect the same. Whenever any person shall fail or refuse after publication of this ordinance, to obtain a license under the provisions of the same, he shall be fined in such sum as the recorder may impose, not exceeding fifty dollars, nor less than five dollars, for each day's failure to obtain such license."

After setting out these sections of the ordinance the complaint alleges that said ordinance was published in the Mobile Daily Register, a newspaper of the City of Mobile, on March 18, 1897. The complaint further

11

alleges that on the 3d day of May, 1897, and also within thirty days of said May 3d, 1897, said defendant W. F. Browne, violated said ordinance by using a vehicle upon the streets of the City of Mobile for the trasportation of goods and merchandise, without procuring a license therefor as required by said ordinance. Complaint also alleges that for the violation of said ordinance by said defendant the recorder of said city on the 5th day of May, 1897, duly and lawfully imposed on said defendant a fine of ten dollars whereby the defendant became and is liable to pay the said sum of ten dollars. To this complaint the defendant demurred upon the following grounds: "First. The act of the General Assembly creating the office of Recorder of the City of Mobile is unconstitutional, illegal and void, because, 1st, said act by its terms disqualifies and excludes from eligibility to said office of Recorder all citizens and qualified electors of the State of Alabama residing in the City of Mobile, except practicing attorneys. 2d. Said act denies to the citizens and qualified electors of the State of Alabama residing in the City of Mobile equal civil and political rights; and, 3d, said act prescribes and makes an educational qualification for said office of Recorder of the City of Mobile.

"Second. For further cause of demurrer defendant says, that the ordinance of the City of Mobile set out in said complaint is illegal, unauthorized and void.

"Third. For further cause of demurrer defendant says, 1st, said complaint fails to allege that the defendant was engaged in carrying on the business of using a vehicle upon the streets of the City of Mobile for the transportation of goods, wares and merchandise without procuring a license therefor as required by said ordinance; 2d, said complaint fails to allege the defendant was engaged in using said vehicle in the transportation of goods, wares and merchandise for profit or with the purpose to derive a profit therefrom." Upon consideration of the demurrers to the complaint, the court overruled the first and second causes of demurrer and sustained the third. Thereupon the plaintiff filed an amended complaint which was substantially the same as the original complaint, except that it alleged more fully that the defendant Browne violated the ordinance in

question "by using a vehicle upon the streets of the city of Mobile for the transportation of goods and merchandise, and which said vehicle was kept and used by said W. F. Browne in the business of transporting goods and merchandise, without procuring a license therefor as required by said ordinance."

To the amended complaint, the defendant demurred upon the following ground: "Said amended complaint fails to allege that defendant was engaged in carrying on the business of using a vehicle upon the streets of the city of Mobile in the transportation of goods, wares and merchandise without procuring a license therefor as required by said ordinance." This demurrer was overruled.

The cause was tried upon the following facts, which were agreed to by the parties: The defendant is engaged in the business of selling butter in the city of Mobile, and has paid to said city a license tax of fifteen dollars ($15) for the privilege of doing said business in said city, said license being paid under the license ordinance of said city adopted by the General Council and approved by the Mayor on the 17th day of March, 1897.

The defendant uses a small wagon to deliver butter to such persons as may purchase the same of him; the wagon is used exclusively in carrying the butter from his place of business to the residences, or places of business, of his customers, and said wagon used the public streets of the city of Mobile for that purpose, after the 18th day of March, 1897, and was so using the streets on May 3d, 1897. Defendant makes no charge against his customers for the use of the wagon and derives no profit from its use. Defendant sells butter to those who receive it at his place of business at the same price at which he sells it to those to whom he delivers it with said wagon. It is the custom of the merchants of the city of Mobile to deliver goods, wares and merchandise purchased of them to the customer at his residence, or such other place as he may designate, without additional charge; other persons engaged in the business of selling butter in said city and competing with defendant for such trade and patronage use wagons to deliver the butter sold and make no charge for the same. The city of Mobile, however, de-

mands the same vehicle license of them.

The use of said wagon is an item of expense to defendant in the conduct of his business. The license ordinance herein referred to is now of force in said city, and is the ordinance under which said city proceeds in this case against defendant, and said ordinance was published in the Mobile Daily Register, a newspaper published in the city of Mobile, on March 18th, 1897.

The value of the wagon is thirty dollars; the amount of the license including the brass tag to be placed on the wagon demanded of the defendant is seven and 75-100 dollars ($7.75) ; the costs of issuing the license does not exceed twenty-five cents. The license demanded of the defendant is when collected not applied to any particular purpose, but is paid into the general city fund, and is applied, together with collections from other sources, to general municipal purposes. The ordinance referred to was set out at length, but the only three sections applicable to the facts of this case are those contained in the complaint as above set out.

The court charged the jury, at the request of the plaintiff: "That under the agreed state of facts, they would find for the plaintiff." To the giving of this charge the defendant duly excepted, and also excepted to the court's refusal to give the general affirmative charge in his behalf.

There were verdict and judgment for the plaintiff. On this appeal by the defendant, he makes five assignments of error. The 1st and 2d are based, respectively, upon the overruling of the 1st and 2d demurrers to the original complaint. The 3d assignment of error was based upon the overruling of the demurrer to the amended complaint. The 4th and 5th are based, respectively, on the giving of the affirmative charge requested by the plaintiff, and the refusal to give the affirmative charge requested by the defendant.

McINTOSH & RICH, for appellant.—The ordinance of the city of Mobile involved in this case imposing a license tax on drays, wagons and vehicles used in the transportation of goods and merchandise is an indirect tax on drays, wagons and vehicles and is, therefore, unauthor-

ized and void. In this case it is clearly a tax on the property. By the terms of the ordinance it is imposed on the property and not upon persons engaged in the business of using such vehicles. The General Assembly has no constitutional authority to impose such a tax and hence could not delegate it to the city of Mobile.—*Joseph v. Randolph*, 71 Ala. 499; *Welton v. Missouri*, 91 U. S. 279.

The license tax sought to be enforced against appellant is double taxation. The exaction of "a license tax as a condition of doing any particular business is a tax on the occupation; and a tax on the occupation of doing a business is surely a tax on the business."—*Stratford v. Montgomery*, 110 Ala. 627. Appellant has paid a license tax as a condition of doing the business of selling butter, and to impose an additional tax upon his vehicles, used only as a necessary incident to this business, would be the imposition of another and double tax upon such business.—*Board of Rev. v. Montgomery Gas L. Co.*, 64 Ala. 269.

The use of the wagon by appellant was not an occupation, but simply an incident of his occupation. Appellant neither derived nor sought to derive a profit from its use, but, as is admitted, its use was "an item of expense to defendant in the conduct of his business." Business, trade or profession, as used in the act, signifies that which occupies the time, attention and labor of men for the purpose of a livelihood or profit. Business is here used in the sense of calling for the purpose of a livelihood.—*Moore v. State*, 16 Ala. 413; *Eubanks v. State*, 17 Ala. 183; *Weil v. State*, 52 Ala. 20. The ordinance imposing a license for revenue upon the use of a vehicle not used for profit is, in contravention of a common right, unreasonable and void.—17 Amer.& Eng. Encyc. of Law, 253.

Statutes authorizing the imposition of license taxes by municipal corporations must be strictly construed, and all doubts resolved against the municipality and in favor of the people.—25 Amer. & Eng. Encyc. of Law, 485; Sutherland on Stat. Con., § 365; *Lott v. Ross & Co.*, 38 Ala. 156; Cooley on Taxation, 200.

The act of the General Assembly "to provide a charter for the city of Mobile," providing for the election of a re-

[Browne v. City of Mobile.]

corder and other officers, and which requires that "such recorder shall be learned in the law and a practicing attorney at the time of his election," is unconstitutional and void, as violative of section 2, Art. I of the Constitution, which declares that all the citizens of the State possess equal civil and political rights.—Constitution, Art. I, § 2; *Ex parte Dorsey,* 7 Port. 363. This equality can only be destroyed in the cases and in the mode prescribed by the constitution. The right to destroy this equality, if not found in the Constitution, does not exist.—*Ex parte Dorsey,* 7 Port. 363; Cooley Const. Lim., 79, 483, 753; *State v. Denny,* 21 N. E. Rep. 284. The constitution, by fixing qualifications for certain offices, has by clear implication prohibited the fixing of qualifications for other offices, either those named in the constitution or those created by legislative enactment.—*Page v. Hardin,* 47 Ky. (8 B. M·) 648; *State v. George,* 3 So. Rep. (Fla.) 81; *Barker v. People,* 3 Cowen 703; *Wright v. Noell,* 16 Kans. 601.

B. B. BOONE, *contra.*—The ordinance of the city of Mobile imposing a *license tax* upon vehicles used in the transportation of goods, wares and merchandise is clearly within the powers granted to the city by its charter.—*Davis v. Petrinovich,* 112 Ala. 660. It was not within the contemplation of the legislature as is evident from the text, that an inhabitant of that city should be required to pay such a tax on his pleasure carriage or vehicle, of whatever description, if not used in the business of transportation of goods and merchandise. The policy of the legislature seems to have been to confine the license tax on vehicles, whether imposed under the police taxing power, to such of them as are used in the transportation of goods and merchandise, and those kept for hire, and to relieve all other carriages from such a tax. *Memphis v. Battaille,* 8 Heiskell 524.

That the license tax required of the appellant Brown is not unreasonable, see 2 Beach on Public Corporations, § 1255; *Van Hook v. City of Selma,* 70 Ala. 363; *Ex parte City Council,* 64 Ala. 463; Cooley on Constitutional Limitations, 581.

The license imposed is not a double tax for doing business as contended for by the defendant.—*Gartside v. East St. Louis*, 43 Ill. 47; *Memphis v. Battaille*, 8 Heiskell 524.

Even though that portion of the charter which provides that the recorder should be learned in the law and a practicing attorney at the time of his election should be declared null and void, only such portion of the charter should be stricken out and the remainder be upheld. Where a section of an act or a portion of the section is separable and can be stricken from the act and the remainder of the act upheld, the whole act will not be declared unconstitutional and void. Where the constitutional and unconstitutional provisions are contained in the same section, if they are distinct and separable so that one may stand and the other fall, the constitutional portion remains unaffected; and the only question is, whether the several provisions are essentially and inseparably connected in substance.—*Powell v. State*, 69 Ala. 10; *McCreary v. State*, 73 Ala. 480; *Packet Co. v. Keokuk*, 95 U. S. 80; *Unity v. Burrage*, 103 U. S. 459; *Penniman's Case*, 103 U. S. 717; *Presser v. Illinois*, 116 U. S. 252; *Davis v. Petrinovich*, 112 Ala. 660.

SHARPE, J.—After the demurrer to the original complaint filed in the city court was sustained, there was filed what purported to be an amended complaint, setting out the cause of action in full which was apparently intended as, and which was treated in the subsequent proceedings as, a substitute for the original complaint. This was demurred to as the amended complaint upon the single ground that "said amended complaint fails to allege that defendant was engaged in carrying on the business of using a vehicle upon the streets of the city of Mobile in the transportation of goods, wares and merchandise without procuring a license therefor as required by said ordinance." The filing of the amended complaint was an abandonment of the original, and the failure to reinterpose to the new complaint the demurrer which was filed to the original was an abandonment of such demurrer. This disposes of the first and second assignments of error.

The charter of the city of Mobile provides that "a vehicle license may be imposed in addition to a business license, provided that such license shall only apply to vehicles used in the transportation of goods, wares and merchandise, and vehicles used for hire at the public stands."—Acts of 1896-97, p. 574. The ordinance averred in the complaint is an exercise of the power so conferred by the charter to impose a tax for the privilege of using the class of vehicles named, whether the use constitutes the principal business of the persons so using them, or is only an adjunct to such business. The averments of the complaint were sufficient to bring the ordinance within the authority of the charter and also sufficient to bring the vehicle and its use by the defendant within the class required by the ordinance to be licensed, and the demurrer to the amended complaint was, therefore, properly overruled.

It is insisted under the last asignment of error that the ordinance is unreasonable and also that it provides double and unequal taxation. The tax imposed is upon the persons and not upon the vehicle itself. In that respect the provision in question, if it stood alone as it appears in the schedule, might be ambiguous, but considered in connection with the body of the ordinance and with the grant of power in the charter, it plainly appears as a tax for the exercise of a privilege.

The city is required to maintain its streets. The use of vehicles upon them tends to their detriment and is a use not common to all the citizens; therefore, the municipal government may reasonably require those so deriving a special benefit from the streets to pay reasonably for the privilege.—*Kentz v. City of Mobile,* 120 Ala. 623; *Gartside v. The City of East St. Louis,* 43 Ill. 47; *Davis v. Petrinovich,* 112 Ala. 660. While the tax would seem more equitable if it were graduated with respect to the character of the vehicle yet we cannot say that it is unreasonable in amount or otherwise, and with the policy of the enactment we have nothing to do.

The question argued in the briefs, and which also was apparently intended to be raised by the last assignment of error, as to the validity of that part of the charter act creating the office of recorder, was recently considered

[Inge *et al.* v. Demouy.]

in the case of *Kentz v. City of Mobile, supra.* We hold to the opinion there rendered which was to effect that eligibility to the office of recorder being not restricted by the constitution to persons learned in the law, and in view of the constitutional guaranty of equal civil and political rights to citizens of the State, the legislature was without power to enact that "said recorder shall be learned in the law and a practicing attorney at the time of his election;" but that the invalid clause can and must be alone rejected, leaving the remainder of the act unimpaired.

Finding no error in the record, the judgment of the city court will be affirmed.