# Hudgens *v.* The State.

### Violating Road Law.

(Decided August 1, 1916.    72 South. 605.)

1. **Statutes; Enactment; Validity; Notice.**—The published notice of intention to apply for the passage of Local Acts 1915, p. 85, examined and held to sufficiently comply with the requirements of § 106, Constitution 1901.

2. **Same; Repeal; Validity; Notice.**—Local Acts 1915, p. 403, ·purporting to repeal Local Acts 1915, p. 85, is rendered unconstitutional and void because no new notice was published of the intention to apply for the passage of said act, the notice as to Local Acts 1915, p. 85, being made to serve as notice for Local Acts 1915, p. 403, which was insufficient to comply with the requirements of § 107, Constitution 1901.

3. **Constitutional Law; Last Legislation; License.**—Section 2, Local Acts 1915, p. 86, is not invalid as class legislation, since it applies to all vehicles alike, the classification being reasonable and proper.

4. **License; Double Taxation.**—Section 2, Local Acts 1915, p. 82, is not invalid as imposing a double taxation, since the license required is on the privilege of use, and not on the rem.

5. **Statutes; Repeal.**—Local Acts 1915, p.·85, were not repealed by General Acts 1915, p. 573, since § 3 of the latter act provides that it shall not be construed as repealing any special or local law. .

6. **Licenses; Double Taxation.**—Section 2, Local Acts 1915, p. 86, was not repealed by General Acts 1915, p. 599, as the first was for county and the latter for state purposes, the two laws not impinging upon each other, but being valid under § 221, Constitution 1901.

APPEAL from Crenshaw Probate Court.

Heard before Hon. F. M. T. TANKERSLY.

Thomas Hudgens, being arrested on warrants charging violation of Loc: Acts 1915, p. 85, petitioned the probate court for writ of habeas corpus, and from the judgment denying the petition, he appeals. The Court of Appeals submitted a quære to the Supreme Court, and upon return of response thereto the judgment was affirmed.

The Court of Appeals, being of the opinion that an act, entitled "An act to provide for the more efficient working of the public roads of Crenshaw county," etc., approved September 22, 1915 (Local Acts 1915, p. 403 et seq.), is invalid as not having been passed according to constitutional requirements, does. pur suant to section 1 of an act entitled "An act to regulate appeals,

[Hudgens v. The State.]

etc., approved April 18, 1911 (General Acts 1911, p. 449 et seq.), hereby certify to the Supreme Court as an abstract proposition the following quære:

Is the act entitled "An act to provide for the more efficient working of the public roads of Crenshaw county," etc. (Local Acts 1915, p. 403 et seq.), or any section thereof, invalid for not having been passed according to constitutional requirements (sections 106, 107) as shown by the House and Senate Journals; that is to say:

First.  When a notice of a proposed local bill is published and proof thereof is spread upon the journals and a local bill embodying the substance of said notice is enacted into law, can a second law along the lines of the first be enacted and sustained constitutionally upon the journals showing a notice in all respects the same as the first as to text, time, and place of publication, and there being no proof that said notice had more than one insertion or publication; or will said notice be presumed to be one and the same and functus officio upon the enactment into law of the first bill and the second law in consequence thereof be invalid:

Second.  Is section 6 of Local Acts 1915, p. 403—which undertakes to repeal a prior act, i. e., Local Acts 1915, p. 85—valid and sufficient to accomplish, under the Constitution, the repeal; that is to say, does the notice published as aforesaid comply with the requirement of the Constitution, section 107, as to notice of repeal of a local act?

G. O. Dickey, for appellant.  W. L. Martin, Attorney General, and Powell & Hamilton, for the State.

PER CURIAM RESPONSE OF THE SUPREME COURT.

This courst is of the opinion that the notice given as to the proposed bill first enacted became functus officio upon the enactment of said bill.  Therefore the said notice and proof of the publication of same, before the passage of said first local law, could not be used to obviate the necessity for complying with sections 106 and 107 of the Constitution of 1901, as to the required publication and proof of the notice essential to the validity of the second enactment.  We hold that publication and proof of the notice as to the proof as to the first enactment did not dispense with a separate and distinct notice as to the substance of the second enactment, for four consecutive weeks, and proof

thereof as required by section 106 of the Constitution. All the Justices concur, except SAYRE, J., not sitting.

EVANS, J.—Appellant was arrested upon warrants charging him with having violated provisions of "An act to provide for the more efficient working of the public roads of Crenshaw county," etc.—Local Acts 1915, p. 85. Section 1 of said act imposes the duty of working said roads, or in lieu thereof to pay a commutation fee of $5, section 2 imposes a vehicle license tax, and section 3 imposes a dog tax of $1 on each dog kept in said county. The failure or refusal to comply with any of the requirements of these several sections is made a misdemeanor. Upon his arrest, appellant filed a petition in the probate court of Crenshaw county, praying a writ of habeas corpus to inquire into the legality of his detention, setting up that the act under which he was arrested was unconstitutional and the warrants issued thereunder were null and void. The act under which the warrants were issued (Local Acts 1915, p. 85 et seq.) was apparently and in terms repealed by a subsequent act, entitled "An act to provide for the more efficient working of the public roads of Crenshaw county," etc., approved September 22, 1915.— Local Acts 1915, p. 403 et seq. For convenience, the act under which the warrants were issued will be at times hereinafter referred to as the first act and the subsequent or repealing act as the second act.

(1) As will appear from an examination of the House and Senate Journals, the first act was passed with all the formalities prescribed by the Constitution. It is insisted, however, by appellant that the published notice appearing upon said journal does not sufficiently set forth the substance of said act to satisfy the requirements of section 106 of the Constitution. The published notice set forth an epitome or summary of the essential and material features of the proposed bill, leaving the minutiæ and details to be worked out by the legislators. Speaking of this section of the Constitution, our Supreme Court observes: "This section of the Constitution has destroyed all initiative in the Legislature in respect to those subjects of legislation which are required to be advertised. A narrow and literal construction would destroy, also, all power of amendment, so that the Legislature would be required to accept every such bill in the exact terms of its proposal. The Constitution does not proceed upon

the theory that all the details of every proposed law should be worked out in advance and without the aid of legislative wisdom. It requires only that the local public shall be advised of the substance of the proposed law, of its characteristic and essential provisions, of its most important features. And this court has so held in a number of cases. Its language has been that the Constitution is complied with if the notice contain a fair compendium or abstract of the act in all its essential features. It has been said that the Constitution does not interfere with the right of the Legislature to shape up and work out the details of local legislation.—*State v. Williams,* 143 Ala. 501, 39 South. 276; *Hanna v. Tunstall,* 145 Ala. 477, 40 South. 135."—*Christian v. State,* 171 Ala. 52, 54 South. 1001.

We hold that the published notice of the proposed bill did set forth the substance of the assailed act as required by section 106 of the Constitution.

(2) This act, as said above, was in terms repealed by Local Acts 1915, p. 403, hereinbefore referred to as the second act. An examination of the legislative journals with reference to the second act discloses the fact that the notice of publication of the second act was the same in all respects as the first act, verbatim et literatim; also that the affidavit making proof of publication of the second notice shows that it was published in the same paper and in the same issues as the first act. In other words, the same publication and notice has been made to perform the dual function of serving notice for both the first and second acts. It will be noted in this connection that necessarily there was nothing in the published notice of the second act of any intent or purpose to repeal the first act, and hence did not comply in that particular with section 107 of the Constitution. Such being the case, and this court being of the opinion that the second act was not enacted according to constitutional requirements, we certified up to the Supreme Court, as in such cases provided by statute (Acts 1911, p. 449) a quære, to which the Supreme Court responded confirming the view held by this court. Accordingly, the said act approved September 22, 1915, entitled, "An act to provide for the more efficient working of the public roads of Crenshaw county," etc. (Local Acts 1915, p. 403 et seq.), is hereby declared to be unconstitutional and void.

(3, 4) Appellant further contends that section 2 of the first act, imposing a vehicle license tax, is unconstitutional and void

for that it is both class legislation and double taxation. We are not impressed with either of these contentions. We are unable to see wherein the section in question is class legislation. It makes no invidious distinctions, applying alike to all owners and possessors of vehicles used upon the public roads of Crenshaw county. The classification does not appear to be abritrary or capricious; but a most reasonable and proper one, as the plain purpose and design is to place the burden of maintenance upon the very people that are largely responsible for the wear and tear upon these roads.—*Youngblood v. Birmingham Trust & Savings Co.*, 95 Ala. 521, 12 South. 579, 20 L. R. A. 58, 36 Am. St. Rep. 245; *Smith v. Woolf*, 160 Ala. 644, 49 South. 395; *Ala. Interstate Power Co. v. Mt. Vernon*, 186 Ala. 622, 65 South. 287.

Nor is the imposition of the vehicle tax double taxation. It is not a property tax; the tax is not upon the rem; it is a privilege or license running to the owners and possessors of vehicles. —*Brown v. City of Mobile*, 122 Ala. 159, 25 South. 223; *Kentz v. City of Mobile*, 120 Ala. 623, 24 South. 952; *Kennamer v. State*, 150 Ala. 74, 43 South. 482.

(5) Nor was the act under which the warrants were issued (Local Acts 1915, p. 85 et seq. approved August 24, 1915) displaced and repealed by General Acts 1915, p. 573, approved September 22, 1915, as contended by appellant, for the latter act (section 3) provides: "That this act shall not be construed to repeal either in part or in whole any existing local or special law."

(6) Lastly, appellant contends that section 3 of the local act under which he was arrested was repealed by "An act to impose a license or privilege tax of $1 a year on each dog in the state of Alabama," etc., approved September 18, 1915.—General Acts 1915, p. 599. The last-mentioned act does not, in terms, repeal any act, general or local, and there is no conflict or inconsistency between the general act and said section 3 of the local act. They serve entirely different purposes and fields of operation: The general act imposes a license for state purposes, while the local act imposes one for county purposes; the one does not impinge upon the other. On the contrary, these two acts accord thoroughly with the spirit and letter of section 221 of the Constitution, which forbids the Legislature to enact any law whereby one may pay a privilege or license tax to the state and secure thereby immunity from the payment of a further license tax. We are of

[Goodman v. The State.]

opinion that each of said acts has its legitimate function, and that each may operate consistently with the other.

It follows from what we have said that the court below was correct in denying the petition of appellant, as he was committed under valid process, and the judgment of the trial court must be affirmed.

Affirmed.