(77 South. 963)

WINDHAM v. STATE. (4 Div. 548.)

(Court of Appeals of Alabama. Feb. 5, 1918. Rehearing Denied Feb. 26, 1918.)

1. CONSTITUTIONAL LAW ⊕=63(3)—LEGISLATIVE POWERS—DELEGATION.

The Legislature can delegate to the courts of county commissioners the power to legislate in the matter of establishing, constructing, using, working, and maintaining the public roads, bridges, and fences, and Gen. Acts 1915, pp. 573–577, which does so, is valid.

2. LICENSES ⊕=7(7) — REVENUE MEASURE — STATUTES —CONSTITUTIONALITY—"PROPERTY TAX."

The taxing of vehicles under authority granted to counties by Gen. Acts 1915, p. 576, § 13, is not a tax on property, but a license for using highways, and is not invalid because not levied according to valuation.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Property Tax.]

3. STATUTES ⊕=123(4)—TITLES—SINGLE SUBJECT.

The title to Gen. Acts 1915, pp. 573–577, an act to provide for the establishment, discontinuance, use, working, and maintenance of public roads, is broad enough to include section 13, authorizing counties to levy a vehicle license tax, within Const. 1901. § 45, requiring every

law enacted by the Legislature to contain but one subject, which shall be clearly expressed in its title.

Appeal from Circuit Court, Coffee County; A. B. Foster, Judge. W. P. Windham was convicted of violating a vehicle license tax law, and he appeals. Affirmed.

M. S. Carmichael, of Montgomery, M. A. Owen, of Elba, and J. A. Carnley, of Enterprise, for appellant. F. Loyd Tate, Atty. Gen., and Emmett S. Thigpen, Asst. Atty. Gen., for the State.

BRICKEN, J. The defendant was convicted for the violation of one of the requirements of a vehicle license tax law adopted and promulgated by the court of county commissioners of Coffee county, under the authority of an act of the Legislature, approved September 22, 1915 (General Acts 1915, pp. 573–577), known as the Goode Law, section 13 of which confers the powers to enact such a law, unless that section is invalid, upon some one or all of the grounds urged against it by defendant.

[1] It was insisted in the court below, and the same contention is made in this court, that the Legislature was without the power to delegate to the courts of county commissioners the power to legislate in the matter of establishing, constructing, using, working, and maintaining the public roads, bridges and ferries of the several counties of the state. That there is no merit in this contention is too well established by the repeated decisions of this court and of the Supreme Court to require more than a citation of the cases containing the decisions. State v. McCarty, 5 Ala. App. 212, 59 South. 543; Whaley v. State, 168 Ala. 152, 52 South. 941, 30 L. R. A. (N. S.) 499; Hicks v. State, ante, p. 88, 75 South. 636; Floyd v. State, 15 Ala. App. 654, 74 South. 752; State v. Strawbridge, ante, p. 195, 76 South. 479.

[2] It is also insisted that the license tax in question is void because it is a property tax, and, not having been levied according to the valuation of the property, is invalid. There is no merit in this insistence. A license tax is not a property tax. The burden is not laid upon the rem. The license is exacted for the privilege of using the vehicle upon the public highways, and thereby requiring the owner of the vehicle to contribute his just share of the expense of upkeep, repair, and maintenance necessarily attendant upon the use of the highway. Such a tax is in no sense an ad valorem or property tax, and the distinction is clearly recognized and applied in the following among other reported cases: Browne v. Mobile, 122 Ala. 159, 25 South. 223; Kennamer v. State, 150 Ala. 74, 43 South. 482; Hudgens v. State, 15 Ala. App. 156, 72 South. 605; State v. Strawbridge, ante, p. 195, 76 South. 479.

The license tax in question is levied by the ordinance or resolution of the court of county commissioners, and while the ordinance imposes certain duties on the tax collector and tax assessor, and in terms provides "that the tax assessor and tax collector of the county are hereby charged with the duty of carrying into force and effect the provisions of this enactment, and all taxes, licenses, moneys, fees, and forfeitures collected under this enactment shall belong to the road and bridge fund of this county, and the tax assessor shall assess each and every person subject to the vehicle license tax as the other taxes are required by law to be assessed, but he shall make separate assessments, so as not to confuse the assessment under this act with the general assessments for the state and county purposes, and it is the duty of every person liable to the payment of a license tax under this act to return his vehicle for assessment, and, failing to do so, such person is guilty of a misdemeanor," etc., the effect of these provisions, when construed in connection with the entire ordinance, is merely to impose on the collector and assessor the duty of making a record of the license taxes that are due from different persons as they are reported under the provisions of this ordinance, and of collecting the same and keeping a separate account thereof.

[3] The next insistence of the defendant is that section 13 of the act of 1915, supra, conferring upon courts of county commissioners, boards of revenue, or other like governing bodies of the several counties of the state the power to impose upon the owners of vehicles used upon the public roads of the county such license taxes as may be deemed advisable, is void because it is not fairly indicated in the caption or title of the act. If that contention can be sustained, then it logically follows that the regulations adopted by the court of county commissioners of Coffee county, by which that court undertook to put in force its vehicle license law, is void, and the conviction of defendant for a violation of one of its requirements cannot be supported. The Constitution of 1901 (section 45) requires that every law enacted by the Legislature, save those enumerated in that section, must be single, that is, that it shall contain but one subject, which shall be clearly expressed in its title. This provision must receive a reasonable construction, so as to give it effect. Bates v. State, 118 Ala. 102, 24 South. 448; State v. Rogers, 107 Ala. 444, 19 South. 909, 32 L. R. A. 520. If the subject is expressed in general terms, everything necessary to make a complete enactment, or which results as a complement of general expression, is included. The title may be very general; and it is not required that every clause or section of the statute be indicated or specified, but it is sufficient if each section or clause is referable to or cognate with the subject expressed in the title, the provision is satisfied. State v. Sayre, 118

Ala. 1, 24 South. 89; Glasscock v. State, 159 Ala. 90, 48 South. 700; Ex parte Pollard, 40 Ala. 77. From the Glasscock Case, supra, the following excerpt from the opinion of the Supreme Court of Alabama, through Mayfield, J., is pertinent:

"This provision of the Constitution is satisfied if the act has but one general subject, fairly indicated in the title, and such title will support all matters reasonably connected with it, and all proper agencies, instrumentalities, or measures which may facilitate its accomplishment are proper and germane or cognate to the title. Much must be left to the legislative discretion, with which there cannot be judicial interference. The constitutional provision contemplates but one title to a law or act, not a multiplicity thereof. The title may be expressed in very general terms, or it may summarize or embrace a table of its contents, or be in the form of an index or abstract of the contents. The Constitution is complied with, in this respect if the law or act has but one subject, and that subject is fairly indicated in the title. The form of this title must be left to the Legislature, and not to the courts."

This general rule of construction of the requirement of the Constitution was reiterated and followed in the cases of Thomas v. Gunter, 170 Ala. 165, 54 South. 283, Alford v. State, 170 Ala. 178, 54 South. 213, Ann. Cas. 1912C, 1093, Ex parte Mayor and Aldermen of Birmingham, 116 Ala. 186, 22 South. 454, and State ex rel. Williams v. Griffin et al., 132 Ala. 47, 31 South. 112. And so the question presented narrows itself to this: Is the matter of raising revenue for the purpose of maintaining the public roads fairly indicated in the title of an act "to provide for the establishment, discontinuance, use, working and maintenance of the public roads," or is that matter allied to or germane or cognate to the general object or purpose of the act as so expressed? It is but a means to an end where revenue is or may be required to effectuate a specified grant of power that the power to raise the needed revenue be also granted. It would be futile to make a grant or delegation of power and at the same time withhold the means of carrying the power into execution. It is difficult to conceive that the Legislature in providing a general scheme for the establishment of a good roads system by the several counties of the state meant to reserve the power to raise revenues, and that it did not so intend is manifest by section 13 of the act of September 22, 1915.

In the case of City of Mobile v. Board of Revenue of Mobile County, 180 Ala. 489, 61 South. 368, the constitutionality of a local act of the Legislature was attacked upon the ground that its title embraced more than one subject. The caption of that act is set out on page 499 of the opinion, and among other matters expressed in the title is that of "providing for the levy and collection of a road tax," the general object of the act being to provide for the more efficient working

of the public roads of Mobile county. The Supreme Court, through Sayre, J., in response to the attack upon the constitutionality of the act because of the duality of subjects expressed in its title, says:

"The several provisions of this title are all germane to one another, and might well have been grouped under the broader subject of highways in Mobile county."

This expression was quoted by the Supreme Court of Alabama in the more recent case of State ex rel. Brassell v. Teasley, 194 Ala. 574, 69 South. 723.

It thus appears that the point of attack made by the appellant upon the act of September 22, 1915, as regards section 13 thereof, cannot be sustained. If the point was sound in the instant case, it would have overturned either in whole or in part the local act involved in the case of City of Mobile v. Board of Revenue, 180 Ala. 489, 61 South. 368, supra.

The same proposition was before the Supreme Court of Mississippi in the case of Lang v. Board of Supervisors, 114 Miss. 341, 75 South. 126, and that court upheld the validity of an act "to provide additional methods to work public roads," carrying as one of its provisions the power to raise revenue by taxation and the issuance of bonds.

This disposes of the questions touching the validity of the local ordinance of Coffee county imposing a vehicle license tax upon owners of vehicles used upon the public roads of the county, and it appearing that the defendant was guilty of a violation of one of the provisions or requirements of that law, and such violation making him a misdemeanant punishable by fine or imprisonment, as provided for in section 2 of the act of September 22, 1915 (General Acts 1915, p. 574), the judgment of conviction rendered by the lower court is without error, and is therefore affirmed.

Affirmed.