(95 South. 488)

## CONECUH COUNTY v. SIMMONS.
(3 Div. 418.)

(Court of Appeals of Alabama. Oct. 24, 1922. Rehearing Denied Dec. 19, 1922.)

1. Licenses ⬅14(3)—Trucks used in lumber business were subject to license tax on vehicles used for "commercial purposes."

Trucks used by a lumber manufacturer for hauling logs, timber, lumber, and commissary provisions as well as provisions used by the owner's family, were used for "commercial purposes" within the meaning of Gen. Acts 1915, p. 573, and therefore subject to a privilege or license tax assessed by the county commissioners.

2. Counties ⬅190(1)—Municipal corporations ⬅956(1)—Taxation ⬅2—Legislative power to tax limited only by Constitution under which power may be delegated to counties and municipalities.

The taxing power of the state rests with the Legislature, subject only to constitutional restrictions, which power in certain cases the Legislature may delegate to counties or municipalities.

3. Licenses ⬅7(8)—Separate state and county automobile license taxes not invalid double taxation.

An automobile license tax levied by the state under Act Sept. 14, 1915 (Gen. Acts 1915, p. 489), is a state tax, and the levy by a county of a privilege tax as authorized by Act Sept. 22, 1915 (Gen. Acts 1915, p. 573), is not invalid as a double taxation, but is separately authorized, since the Legislature by

Gen. Acts 1919, pp. 395, 440, §§ 361 and 362, re-enacted substantially the provisions of the 1915 acts.

4. Licenses ⬅7(3)—County commissioners authorized to levy license taxes on commercial vehicles on tonnage basis.

Under Gen. Acts 1915, p. 576, § 13, the court of county commissioners has authority to levy license taxes for each class of vehicles and not to fix a license for hauling along the public road any particular articles of commerce, so that an ordinance fixing a license tax on each truck of certain tonnage with pneumatic tires, hauling logs, and other lumber, is a classification according to tonnage within the class designated and not a license for hauling such merchandise, and is authorized under the legislative power given, except as to such vehicles removed from its provisions by Gen. Acts 1919, pp. 395, 440, §§ 361, 362.

On Rehearing.

5. Licenses ⬅14(3)—Automobile trucks used in transportation or "commerce" are subject to county license tax though partly used for private purposes.

Under Gen. Acts 1919, p. 397, § 361, Schedule 7, classifying trucks as commercial automobiles, the fact that trucks were used in part for carrying provisions for the owner's family use, where their principal use was hauling logs and lumber, did not exempt such trucks from license or privilege tax on commercial vehicles levied by the county under Acts 1915, p. 573, since by "commerce" is meant, not traffic only, but every species of commercial intercourse as well, and transportation is as much a part of commerce as are the goods transported.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Commerce.]

Appeal from Circuit Court, Conecuh County; John D. Leigh, Judge.

Action by the County of Conecuh against G. R. Simmons. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Certiorari denied Ex parte G. R. Simmons, 209 Ala. 96, 95 South. 490.

E. C. Page, of Evergreen, and Powell & Hamilton, of Greenville, for appellant.

The court of county commissioners had full authority to levy the tax, and appellee is liable therefor. 204 Ala. 40, 85 South. 564. Under the facts the trucks of appellee were not used by the owner for his private use and that of his family, but were used for commercial or business purposes. Acts 1915, p. 491; 81 Vt. 101, 69 Atl. 541; (D. C.) 164 Fed. 347; (C. C.) 152 Fed. 206.

J. S. Stearns and Jones & Kelly, all of Evergreen, and James J. Mayfield, of Montgomery, for appellee.

The trucks of appellee were operated for his own private use, and were exempt. Acts 1919, p. 399, Schedule 9; 48 Or. 479, 84 Pac. 850, 87 Pac. 530, 7 L. R. A. (N. S.) 991; 19 Iowa, 395; 83 U. S. (16 Wall.) 336, 21 L. Ed. 469; 111 Ga. 510, 36 S. E. 770; 63 Md. 442; 20 C. J. 556; 101 Va. 98, 43 S. E. 194, 61 L. R. A. 129, 99 Am. St. Rep. 855, 865; 100 Me. 351, 61 Atl. 785, 70 L. R. A. 472, 109 Am. St. Rep. 526. The license tax levied is class legislation and is invalid. 85 Ark. 509, 109 S. W. 293, 16 L. R. A. (N. S.) 1035. A tax cannot be imposed without clear and express words for that purpose, and where there is any ambiguity or doubt, it must be resolved in favor of the person upon whom it is sought to impose the burden. 33 Okl. 145, 124 Pac. 1063, Ann. Cas. 1914B, 620; 25 R. C. L. 1092; 26 A. & E. Ency. Law (2d Ed.) 669.

SAMFORD, J: [1] Under authority of the Goode Law approved September 22, 1915 (Acts 1915, p. 573 et seq.), as approved and construed in Windham v. State, 16 Ala. App. 383, 77 South. 963. and Mills v. Conecuh County, 204 Ala. 40, 85 South. 564, the court of county commissioners of Conecuh county by ordinance regularly adopted were authorized to assess a privilege or license tax on automobile trucks used for commercial purposes, provided such license was levied with due regard to classification, etc., which will be adverted to later in this opinion. And we hold that the appellee's trucks, under the facts in this case, were used for commercial purposes, within the meaning of the act of the Legislature of 1915 and the decision in the Mills Case, supra.

[2, 3] The next question is not without difficulty. The taxing power of the state rests with the Legislature, subject only to such restrictions as may have been placed upon it by the Constitution. For certain purposes this power may be granted to county and municipal corporations, and we have held that in 1915 Acts, supra, the Legislature by a valid enactment did place this power in the commissioners' court of Conecuh county, and that acting under this power the commissioners' court of Conecuh county levied a license on automobile trucks, covering the two trucks of appellee. The same power that granted the power can by valid enactment take it away or withhold it, and when such is the case the act or ordinance of the county ceases to be of any force or effect and is superseded by the act of the superior power. By the act of the Legislature of 1915, approved September 14, 1915 (Acts 1915, p. 489 et seq.), sections 6, 7, 8, and 9, levying a license or privilege taxes on automobile vehicles, by section 2, p. 527, made a levy for the counties, and with the law so written the Supreme Court, in Mills v. Conecuh County, 204 Ala. 40, 85 South. 564, construed the act approved Sep-

tember 22, 1915 (Acts 1915, p. 573), as giving to the court of county commissioners the power to levy the additional tax, and with this construction the Legislature of 1919, by Acts 1919, p. 282, sections 361 and 362, reenacted substantially the same sections which were in existence in the 1915 acts and construed by the Mills Case, and while the levy by the county of the tax sued for in this case is double taxation, we know of no constitutional inhibition against this character of taxation, and we see no escape from the decision of the Supreme Court in the Mills Case, supra.

[4] The power of levying privilege taxes still remains with the counties as fixed by the Goode Law and construed in Mills v. Conecuh County, 204 Ala. 40, 85 South. 564; Windham v. State, 16 Ala. App. 383, 77 South. 963; Id., 202 Ala. 697, 79 South. 877; and Hill v. Moody (Ala. Sup.) 93 South. 422.[1] Nor is the case of Kennamer v. State, 150 Ala. 74, 43 South. 482, in conflict with the foregoing. In the Kennamer Case the Legislature had granted to the commissioners' court of Jackson county power "to require persons hauling logs, lumber, or other timber," etc., "over the public roads of the county or any specified part thereof to secure a license from the judge of probate; and to prescribe a price to be paid for such license and each wagon so engaged." The license was fixed and the classification made according to horse power, the court, after holding that the Legislature might grant this power, in order that those using the road might be required to pay a fair share of the expense of a road kept for the benefit of the users, the opinion proceeds to say:

"The sufficiency and definiteness of the order is free from criticism, since the amount of the license tax is graduated according to the character of the vehicle, as indicated by its being a two or more horse wagon. Clearly the measure of the draft is the better determined under such a standard."

In the Goode Law (Acts 1915, p. 573, § 13) the court of county commissioners are only given authority to levy license taxes for each class of vehicles, and that act does not confer authority to fix a license for hauling along the public road any particular article of commerce. Hence the county ordinance fixing a license tax on each truck of certain tonnage with pneumatic tires hauling logs, blocks, etc., is a classification according to tonnage within the class designated, and not a license for the privilege of hauling logs, blocks, etc., and is authorized under the legislative power given, except as to such vehicles as have been taken from under its influence by the statute as passed by the act of the Legislature of 1919.

The judgment of the lower court is not

---

[1] 207 Ala. 325.

in accord with the foregoing views, and therefore is reversed, and the cause is remanded.

Reversed and remanded.

## On Rehearing.

The evidence in this case is to the effect that the defendant was and is engaged in the sawmill business, manufacturing and selling lumber to the general public, and in connection with this business he operated a commissary; the plant being located some distance from the railroad over which the manufactured product was shipped. The trucks of defendant on which a license is sought to be collected were used by defendant exclusively in the conduct of this business, to wit, hauling logs, blocks, timber, lumber, etc., and also in hauling from the market the merchandise which was sold to his hands and used by his family. The foregoing was the sole use to which the trucks were put.

As we see it, if the trucks were used for "commercial purposes," they came under the influence of the decision in the Mills Case cited in the original opinion, and would not be exempt as a "motor vehicle," used by the owner for his private use and that of his family. In determining this question we must ascertain the intent of the Legislature, from the act itself, aided by such general rules of construction as have been laid down for our guidance and a general judicial knowledge of the conditions.

[5] In the first place, the act itself (Schedule 7, § 361, p. 397, Acts 1919) classifies trucks as commercial automobiles. Notwithstanding such classification, we can conceive of a state of facts taking a truck out of this class, but none the less such classification indicates the trend of the legislative mind. In the next place, it must be admitted that the defendant's business was wholly that, pertaining to the commerce of the country. And it is shown by the evidence that these trucks were one of the means by which this commerce was carried on. They were no more being used by the owner for his private use and that of his family, than the saw used for sawing the logs into lumber, or the oxen used in conveying the logs to the mill, or any other utility used in the conduct of the business. In Hannibal & S. J. R. Co. v. Husen, 95 U. S. 465, 24 L. Ed. 527, it was held that transportation is essential to commerce and is commerce itself. In State v. D. L. & W. R. Co., 30 N. J. Law, 473, it was held:

"By the term 'commerce,' is meant not traffic only, but every species of commercial intercourse, every communication by land or by water, foreign and domestic, external and internal."

In Erie R. Co. v. State, 31 N. J. Law, 531, 86 Am. Dec. 226, it was held that transportation is as much a part of commerce as are the goods transported. To the same effect are numerous decisions of the United States Supreme Court and the courts of the various states. As to whether this would apply to a farmer using the truck in conveying his product to market, as suggested in brief of counsel, we do not decide; but we may add that there has always been a marked distinction between a farmer marketing his produce and the ordinary commerce of the country. After a careful consideration, we are still of the opinion that appellee's trucks, under the facts of this case, were used for commercial purposes within the meaning of the acts of the Legislature as construed by the opinion in the Mills Case.

We see no good reason for changing the decision. The opinion is extended, and the application is overruled.